AUGUST SCHMIDT, Respondent, v. JOHN BROWN and Another,
Appellants.

*A trial judge may grant a new trial upon his own motion — when a verdict will be
set aside as against the evidence — failure to allow costs.*

Under the provisions of section 999 of the Code of Civil Procedure a justice
presiding at a trial by jury may, in his discretion, entertain a motion to set aside
a verdict upon the minutes.

There is nothing which prevents a justice from making an order setting aside a
verdict and granting a new trial upon his own motion, and the fact that an
order was so made on the motion of the justice is not a ground for its reversal.

Where the verdict of a jury is against the evidence, or so manifestly against the
weight of evidence that it is apparent that the jury either misapprehended the
same, or were influenced by passion or prejudice in rendering their verdict, the
court on the trial may set it aside.

The fact that costs were not awarded by a trial judge in setting aside the verdict
of a jury and granting a new trial, where no question was raised at the
time upon the subject, is not a ground for the reversal of such order upon an
appeal therefrom.

APPEAL by the defendants, John Brown and another, from an
order of the Supreme Court, made at the Greene Circuit and entered
in the office of the clerk of the county of Greene on the 26th day
of October, 1893, setting aside the verdict of a jury and granting
a new trial on the motion of the court.

*Frank H. Osborn*, for the appellants.

*D. H. Daley*, for the respondent.

MAYHAM, P. J.:

This action was prosecuted by the plaintiff to recover damages of
the defendants for an alleged breach of contract by the defendants
in the furnishing of materials and the construction of a dwelling
house, the plaintiff claiming in his complaint to recover $1,000.

The answer alleged a substantial performance of the contract,
except in some slight particulars, the completion of which could be
made at an expense of a small sum, and also an allegation that the
time of the completion fixed in the contract was enlarged by agree-
ment between the parties. The answer also set up a counterclaim
for items advanced and delivered to the plaintiff by the defendants.
The reply denied the counterclaim. The jury found for the defend-

ants and the trial judge set aside the verdict and granted a new trial on the minutes.

We have examined the evidence, and think the learned judge violated no rule of law in setting aside the verdict.

By section 999 of the Code of Civil Procedure the justice presiding at a trial by a jury may, in his discretion, entertain a motion to set aside a verdict upon the minutes. In this case the justice exercised the discretion without an actual motion, but in the presence of the attorneys for the parties. There seems to be nothing to prevent a justice from making the order on his own motion, and the fact that the order was made on the motion of the justice does not seem to be a ground for the reversal of his order. There was some evidence in the case tending to establish a failure on the part of the defendants to complete this job according to the contract, which does not seem to be expressly disputed by the evidence of the defendants upon the trial.

While upon many points in controversy there is a conflict of evidence, which, if standing alone in the case, would prevent the judge from interfering with the verdict of the jury (*Morss* v. *Sherrill*, 63 Barb. 21), yet there seems to be some undisputed testimony upon which the plaintiff would be entitled to recover. When there is sufficient legal evidence in a case to sustain the determination of the trial judge in setting aside the verdict of a jury, and the question turns upon the apparent weight of evidence, the trial judge, having seen and heard the witnesses, is better qualified to determine where the truth lies than the court on appeal is from the printed record only. The rule seems originally to have been that the trial court could not set aside a verdict where there was a scintilla of evidence to sustain it. But that rule has been modified by the recent decisions, so that in any case where from the undisputed evidence the court may properly direct a verdict for the plaintiff, or where there is such an entire failure of evidence on his part, the court may nonsuit the plaintiff; it may set aside a verdict in favor of the party not entitled to it, tested by the above rule. In other words, where the verdict is against the evidence, or so manifestly against the weight of evidence that it is apparent that the jury either misapprehended the same or were influenced by passion or prejudice in rendering their verdict, the court on the trial may set it aside.

In *Baulec* v. *The N. Y. & Harlem R. R. Co.* (59 N. Y. 366) ALLEN, J., says : " It is not enough to authorize the submission of a question as one of fact to a jury that there is ' some evidence.' A scintilla of evidence or a mere surmise that there may have been negligence on the part of the defendants would not justify the judge in leaving the case to the jury."

In *Dwight* v. *Germania Life Ins. Co.* (103 N. Y. 359) RUGER, Ch. J., quotes with approbation and adopts the rule laid down by the Supreme Court of the United States in *Improvement Co.* v. *Munson* (14 Wall. 442) as follows : " Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what was called a scintilla of evidence in support of a case, the judge was bound to leave it to the jury ; but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it upon whom the onus of proof rests." The learned chief judge also cites to the same effect *Pleasants* v. *Fant* (22 Wall. 120) ; *Commissioners* v. *Clark* (94 U. S. 284) ; *Griggs* v. *Houston* (104 id. 553) and other cases. We think, within the rule as above stated, the learned trial judge properly exercised the discretion vested in him by section 999 of the Code of Civil Procedure in entertaining a motion on the minutes for a new trial, and that there was no error committed by him in his disposition of the same.

The costs were not awarded by the judge on setting aside the verdict and granting a new trial, and no question was raised by the counsel for either party upon that subject.

We do not see how error can be predicated on that question here.

The order must be affirmed, with ten dollars costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.