WILLIAM C. LONG v. BOARD OF COUNTY COMMISSIONERS OF KINGFISHER COUNTY.

NEW TRIAL ON MOTION OF COURT. On December 5, 1895, a judgment was rendered in favor of the plaintiff and against the defendant. On December 6, 1895, the court set aside said judgment and continued the cause for trial at the next term. No motion was ever made for a new trial by either party, but the judgment was vacated and a new trial ordered by the court, upon its own motion, and without any cause assigned. *Held:* That a trial court has no authority to vacate a judgment or grant a new trial upon its own motion; that a new trial can only be granted upon the initiative of one of the parties to the cause and upon motion therefor filed within three days from the rendition of the judgment, unless longer time be given for filing such motion, upon good cause shown; that the order of the court, vacating the judgment and granting a new trial upon its own motion, was without authority of law and is reversible error.

*Error from the District Court of Kingfisher County.*

*Cunningham, Cutlip & Sanders*, for plaintiff in error.

*J. B. Moffett*, for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: This action was commenced by the plaintiff in error, William C. Long, in the district court of Kingfisher county, to recover from the defendants in error, J. D. Mott *et al*, as the board of county commissioners of said county, compensation and salary due the plaintiff in error as county clerk of said county, and on the fifth day of December, 1895, a judgment was

rendered by said court, upon an agreed statement of facts, in favor of the plaintiff and against the defendants for the sum of $2,150.65, and costs of the action.   Afterwards, on December 6, 1895, at the same term, the court, upon its own motion, set aside said judgment and ordered said cause continued for the term, to which order of the court setting aside said judgment, the plaintiff, at the time, duly excepted and has appealed to this court, from said order.   No motion was filed in said cause, by either party thereto, or any application made to the court for the setting aside of said judgment, or the granting of a new trial, in said cause, and nothing appears in the record to show the grounds of said order or for what reason said judgment was set aside and a new trial ordered.

The only record of the proceedings, appears in the minutes and journal entry of said court which is as follows:

"And now on this fifth day of December, 1895, the same being one of the regular judicial days of the regular September, 1895, term of said court, the court upon consideration rendered judgment in favor of plaintiff and against the defendants, as board of county commissioners of said county aforesaid, in the sum of $2,150.65, and interest thereon, and cost of suit taxed at $——; and that afterwards, to-wit:   Sixth day of December, 1895, and at the same term of said district court, the court, upon its own motion, set aside and held for naught the judgment rendered in said cause for said plaintiff and ordered said cause continued for the term, to which the plaintiff duly excepted at the time and still excepts.

(Signed )          JOHN L. MCATEE, Judge."

This record presents the single question whether the trial court can vacate a judgment and grant a new trial upon its own motion.   The code of civil procedure of

9—v.

this territory, nowhere, in express terms, authorizes a court to set aside a judgment upon its own motion. By § 586, of the code, the district court is given power to vacate or modify its own judgments or orders at or after the term, at which such judgment or order is made, within the time and in the manner and for the causes specified in the nine sub-divisions of said section. The first subdivision limits such powers to the time, manner and cause prescribed in § 322 of the code; but this last section relates to the granting of new trials where the grounds therefor could not, with reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, reference or decision was rendered or made; and the new trial, in that case, must be upon petition, upon which a summons shall issue. The second sub-division relates to new trials granted in proceedings against defendants constructively summoned. The third, to new trials on account of mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order, and § 587 of the code provides that proceedings to correct mistakes or omissions of the clerk or irregularity in obtaining a judgment or order shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action. Section 588 of the code provides that proceedings to vacate or modify the judgment or order on the grounds mentioned, in each of the other sub-divisions of § 586, shall be by petition, verified by affidavit, setting forth the judgment or order the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant; and that on such petition a summons shall issue and be served as in the commencement of an action. Hence, we find no authority in § 586 for the district court to vacate or modify a judgment, except upon the initiative of one of the parties

to the cause, and then only upon motion or by petition and summons.

The only other provisions of the code relating to new trials, are found in §§ 318, 319, 320, 321 and 322, which provide that a verdict, report or decision shall be vacated and a new trial granted for cases therein specified. But these sections only provide for the vacating of verdicts, reports or decisions, and the granting of new trials on the application of the parties aggrieved. That the application must be by motion, upon written grounds, filed at the time of making the motion and requiring that as to certain of the grounds specified as cause, they they shall be sustained by affidavit. Nowhere does the statute provide for vacating judgments or granting new trials except upon specified cause and upon the application of an aggrieved party.

When the order in this cause was made, there was no motion for a new trial pending before the court. No such motion was ever made by either party, nor was a new trial sought or requested by either party, at any time prior to the granting of the order. The parties to the cause were not before the court for any purpose. The code affords ample facilities for moving for a new trial, and sets out plainly what shall be done as preliminary to the granting of such motion. This order, we think, was clearly erroneous, and cannot be sustained without making a precedent which would tend to unsettle and confuse the law and the practice, regulating and granting of new trials in the trial court; and would be extremely dangerous as liable to be used to prejudice the substantial rights of parties litigant. Our code, for the substantial protection of the property rights of litigants, wisely provides that unless for good cause shown, a motion for

new trial must be filed within three days from the rendition of the judgment. If not filed within that time, the judgment may, ordinarily, be taken as final and conclusive; and the parties have a right to take action and to enter into engagements predicated upon such judgment. It could not but be recognized as an extremely dangerous practice which might result in great hardships and injuries to litigants, if, after parties to an action had carefully and with much cost and expense prepared for trial, perhaps procured the attendance of witnesses, from places remote from the place of trial, established their case and obtained a judgment, and the unsuccessful party had not, within the time prescribed by the statutes, complained of such judgment or moved for a new trial, the court could, of its own motion, and without assigning any cause therefor, at a subsequent day, either at that or another term, arbitrarily set such judgment aside, and order it to be retried, and subject the parties to added cost, inconvenience and hardship that would necessarily result therefrom. Counsel for defendants in error has filed no brief in this court in this case and no cases are cited or known to this court which lends the least sanction or countenance to this practice. The order appealed from was made in disregard of plain statutory requirements.

A statute in North Dakota, (Comp. Laws § 5091), expressly authorizes the district court to vacate a verdict and grant a new trial on its own motion, and the supreme court of that state has said:

"In this state and in the late territory the instances of vacating verdicts and granting new trials without application of the parties has been exceedingly rare, and no such summary action should be taken, except in cases

falling clearly within the statute." (*Gould v. Duluth and Dakota Elevator Co.*, 50 N. W. 969).

For the reasons stated, we are clearly of the opinion that the order of the court, setting aside the judgment in this case and continuing the cause until the next term for trial, was manifestly erroneous, and the order must be reversed. It is ordered that said order, setting aside said judgment, be reversed, and this case remanded to the court below with instructions to vacate said order and reinstate the judgment in said cause rendered on said fifth day of December, 1895.

Dale, C. J.: I concur in the conclusion reached in this case, but do not concur in the statement made, to the effect, that in no case has the trial judge the power to set aside a judgment upon his own motion. I think that where it appears that the judge has been imposed upon, in an *ex parte* proceeding, or where a judgment has been rendered by reason of an improper or collusive agreement between attorneys or parties, I think the court has the power to set aside such judgment upon his own motion.

The other justices concurring fully, except McAtee, J., not sitting for the reason that he presided at the trial of the cause in the court below.