LANGHORST v. ROGERS. ,

## Opinion delivered November 2, 1908.

1. ADVERSE POSSESSION—SUFFICIENCY OF EVIDENCE.—Evidence that the tenant of one who, without color of title, claimed a certain unenclosed tract of land, cut rails, posts and building and board timber, as well as firewood, therefrom is insufficient to establish adverse possession. (Page 319.)

2. SAME—EXTENT OF POSSESSION.—One who, under claim but without color of title, takes actual possession of a part only of a tract of land will be held to have adverse possession only of so much as is within such actual possession. (Page 320.)

3. APPEAL—REOPENING CHANCERY CASE.—Where, on account of the court's misconception of the law, a chancery case was not fully developed, on reversing it this court will remand the case with directions to reopen the case and hear testimony. (Page 321.)

4. QUIETING TITLE—RECOVERY OF TAXES.—Where the plaintiff in a suit to quiet title recovered judgment as to a part of the land only, but proved that he had paid taxes on the entire tract, he is entitled to have a decree refunding the taxes on the portion of the tract not recovered by him. (Page 321.)

5. NEW TRIAL—EFFECT OF GRANTING.—Where a new trial was granted in a chancery cause, the effect was to open up the cause for rehearing, and the decree previously rendered did not become final at the end of the term. (Page 321.)

6. APPEAL AND ERROR—COONCLUSIVENESS OF RECORD.—The Supreme Court is bound by the record in a case. (Page 322.)

Appeal from Logan Chancery Court, Northern District; *J. Virgil Bourland,* Chancellor; reversed in part.

*S. R. Allen,* for appellant.

Appellant concedes that the south one-half of north-east one-fourth in controversy was forfeited to the State and by it in due form conveyed to appellee in 1888, and that he took and has held possession more than seven years under color of title. But the chancellor erred as to the west one-half of lot two. Appellee had no color of title to that, and his only right depends upon whether or not he held for seven years actual, hostile, open, exclusive and continuous possession. The burden of proof of adverse possession is upon him who asserts it. 1 Cyc. 1143; 57 Ark. 97; 65 Ark. 422; 61 Ark. 464; 1 Rice on Ev. § 92; 15 Ore. 385; 1 Best on Ev. § 269, p. 500; 1 Jones on Ev. § 77. And

such possession must be actual, hostile, open, exclusive and continuous for the period prescribed. 65 Ark. 422; 1 Johns. 156; 2 Head (Tenn.), 695; Tiedeman, Real Prop. § 697; 24 Pick. 106; 5 Mich. 256.

Wood, J. This is a suit to quiet title to a fractional quarter section of land in Logan County, Arkansas. The land is described in the complaint as the west half of lot two, north-east quarter and the south half of north-east quarter of section six, township eight north, range twenty-three west.

The appellee claimed title to the south half by virtue of a a deed from the Commissioner of State Lands executed April 19, 1888, and possession thereunder for more than seven years, and he claims title to the south half by virtue of the seven years statute of limitations. The south half contained eighty acres, and the west half of lot two north-east quarter contained 54.88 acres. To the latter tract appellee set up title only by virtue of the seven years statute of limitations, but he did not claim to hold the west half under any color of title.

The appellant answered, denying appellee's claim of title to the lands in controversy by the statute of limitations, and setting up title in himself by virtue of a deed from the Little Rock & Ft. Smith Railway Company, of date July 7, 1882. It was not disputed that the title to the lands in controversy was in the Little Rock & Ft. Smith Railway Company prior to their forfeiture and sale for taxes. And appellee does not contend that the tax sale was valid. His only contention in the court below and here is that the commissioner's deed gave him color of title to the lands described therein, and that he took possession of the south half of the north-east quarter under said deed, and has held them openly and adversely for a period of more than seven years. As to this tract appellant concedes here that the decree of the chancellor was correct, and should be affirmed, and it is so affirmed.

So the only controversy here is as to the west half lot two of north-east quarter. Appellant concedes that appellee had "possession of a residence thereon and one or two acres around same, but contends that the possession was obtained through its tenant, and that such possession was not adverse to appellant. Appellant also contends that, even if appellee had adverse possession of the residence and the few acres surrounding it, such

possession could only give him title to that which he actually occupied, and not to the whole tract. There is evidence to warrant the finding of the chancellor that the possession of the house and the few acres around it on the west half which appellee held through his tenants was adverse. The evidence shows that he took possession of this, regardless of any claims of appellant, and held it openly, adversely and continuously for more than the statutory period. But the proof shows that only the house and three or four acres around it was in the pedal possession of appellee. The evidence does not show that he had adverse possession to the residue of this tract. True, the evidence shows that the tenant of appellee cut rail, post, building and board timber, and got their fire wood from both the tracts. But this alone was not sufficient to constitute title by adverse possession. *Chatfield* v. *Earle Improvement Co.*, 81 Ark. 296; *Dickinson* v. *Connerly*, 81 Ark. 258.

One witness testified that he fenced about twenty acres of the woodland "on these lands" the year he cultivated them, but he does not show that any of the fencing was on the west half, or if so how much was inclosed and where. There is no evidence in the record, except what we have mentioned, tending to show that appellee held pedal possession of any of the west half of lot two, except the house and about four acres around it. The land was inclosed under a district fence in 1899, but this suit was begun in November, 1905. So appellee did not hold the lands under this enclosure for a sufficient time to give him title under the seven years statute of limitations.

The appellee, having no color of title to this tract, could only acquire title by adverse possession to such of it as he actually held *possessione pedis*. *Dickinson* v. *Connerly, supra*.

The evidence is not sufficient to show title by adverse possession to any of the west half of lot two north-east quarter, except about four acres on which the houses were situated, and appellee does not designate the portion of the tract where this four acres is situated. As the court decreed appellee title to the whole tract, he was not called upon, under the decree, to demand any lesser portion. But, as the court erred in decreeing title to the whole of the west half in appellee, he may, when the cause is remanded, if he so elects, deline the three or four acres

upon which the houses are situated, and which he occupied for the statutory period, and have a decree accordingly. As to this, the cause has not been fully developed. *Long* v. *Charles .T. Abeles & Co.,* 77 Ark. 156.

Appellee is also entitled to have the taxes prorated on the west half of lot two north-east quarter, and to have a decree for taxes he paid on the portion of the tract to which he has no title.

For the error indicated, the judgment is reversed and cause remanded for further proceedings, not inconsistent with this opinion.

## ON REHEARING.

### Opinion delivered December 21, 1908.

WOOD, J. When this cause was first decided, there was no brief for appellee. This court on application for rehearing, upon sufficient showing, set aside the judgment, the term being about to expire and permitted counsel for appellee to file brief as upon original consideration of the cause. On the record as presented, our first conclusion was correct. Counsel for appellee contends that the decree shows that the cause was heard upon "the depositions and oral testimony," and that, as there is no bill of exceptions preserving and presenting the oral testimony, the judgment must be affirmed. True, the first judgment that was rendered at the September, 1906, term recites that "the cause was submitted on the complaint, answer, reply, exhibits, depositions and oral testimony." But the record also of that term, after the entry of the decree, contains the following: "On this day the plaintiff filed his motion for new hearing in this cause, motion granted by the court, and cause by consent continued." At the February, 1907, term of the court recites: "Now comes on for hearing before the court the motion for a new trial heretofore filed in this court. * * * The court, being well and sufficiently advised in the premises, doth grant the said motion for new trial and vacate the decree heretofore rendered herein. The cause is resubmitted upon the pleadings and depositions of the witnesses," etc.

We are of the opinion that the granting of the motion for new hearing at the September, 1906, term of the court *ipso facto*

vacated the decree that was rendered at that term, opened up the cause for rehearing and prevented the decree from becoming final, on the adjournment for that term.

Such was the inevitable effect of the order, and the court at the subsequent term correctly so treated it by rehearing the cause at the February, 1907, term. At this final hearing the record shows that "the cause was resubmitted upon the pleadings and depositions of witnesses." Counsel says "it seems that it was inadvertently written that the cause was resubmitted upon the depositions." But we are bound by the record. If the record does not speak the truth in this respect, counsel should have had the record corrected. We can only consider the cause as having been heard upon the "pleadings and the depositions of witnesses," as set forth in the record.

On the question of taxes, the appellant in his answer and cross-bill offered to repay to appellee "all amounts paid out by him for taxes," and appellant in his cross-bill asked to have judgment for the "possession of all said lands on the payment of all the taxes, etc., that may be found due to W..S. Rodgers." It was upon these allegations of appellant's pleading that we awarded appellee a decree for taxes. The motions by appellee and appellant for reconsideration are therefore overruled.