ST. LOUIS & S. F. R. CO. v. McCOLLUM & BAKER.

No. 2224, Okla. T.   Opinion Filed May 12, 1909.

(101 Pac. 1120.)

1.   **APPEAL AND ERROR—Record—Motions—Bill of Exceptions or Case-Made.** Motions in a trial court and the rulings of the court thereon are not properly a part of the record and can be presented for review only by incorporation in the record by bill of exceptions or case-made.

2.   **SAME—Order Granting New Trial.** An order granting a new trial is not part of the judgment roll and can be reviewed on appeal only when the same has been made a part of the record by bill of exceptions or case-made.

(Syllabus by the Court.)

*Error from District Court, Washita County; M. C. Garber, Judge.*

Action by McCollum & Baker against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Petition in error dismissed.

*Flynn & Ames,* for plaintiff in error.

*J. W. Smith* and *R. Brett,* for defendants in error.

HAYES, J. This is an action for damages originally brought in the district court of Washita county by defendants in error against plaintiff in error. Plaintiffs allege in their petition that the damages for which they seek to recover occurred as a result of a breach of contract by defendant to furnish them a certain car in which to ship cotton seed. The case was tried to a jury, who returned a general verdict in favor of defendants in error and also upon request of plaintiff in error, returned a special verdict consisting of several findings.

The only assignments relied upon by plaintiff in error in its brief for reversal are that the court erred in overruling its motion for a judgment upon the special verdict, and that the court erred in setting aside the verdict and granting a new trial. The question presented by the first assignment is not that the judgment

rendered is contrary to the special verdict, for no judgment was ever rendered. The action of the court complained of is a ruling upon a motion. The question presented by the second assignment also goes to the order of the court upon a motion; but this proceeding in error has not been brought upon case-made, nor does the transcript contain a bill of exceptions. The record before this court contains the necessary certificates of the clerk of the court for a transcript of the record, and the clerk appears to have inserted therein the evidence, motions made during the progress of the trial, and the rulings of the court thereon; but they have not been made a part thereof by case-made or bill of exceptions. It has frequently been held under our statute that motions and orders of the court thereon do not constitute part of the judgment roll and cannot be reviewed in this court on a transcript of the record unless they are made part of the record by case-made or bill of exceptions. *Devault et al. v. Merchants' Exch. Co.*, 22 Okla. 624, 98 Pac. 342; *McCarthy v. Bentley*, 16 Okla. 19, 83 Pac. 713; *Menten v. Shuttee et al.*, 11 Okla. 381, 67 Pac. 478; *Kingman & Co. v. Pixley*, 7 Okla. 351, 54 Pac. 494; *Black v. Kuhn*, 6 Okla. 87, 50 Pac. 80; *McMechan v. Christy*, 3 Okla. 301, 41 Pac. 382. The copying into the transcript of the record by the clerk of motions and the orders of the court thereon do not make them a part of the record. *Fisher v. United States*, 1 Okla. 253, 31 Pac. 195.

It is urged by plaintiff in error that the order granting a new trial was made without motion for a new trial having been filed, and in violation of the rule laid down in *Long v. County Commissioners*, 5 Okla. 128, 47 Pac. 1063. If in fact no motion for a new trial was made, this fact could be disclosed only by case-made or bill of exceptions. Such fact could not be disclosed by a transcript of the judgment roll.

Plaintiff in error complains of nothing that can be presented by transcript of the record proper, and, since the matters complained of have not been made a part of the record by case-made

or bill of exceptions, this proceeding presents nothing that we can review, and it is therefore dismissed.

All the Justices concur.