# BADGER LUMBER CO. v. RHOADES

## (DUNN *et al., Garnishees*).

### No. 484.   Opinion Filed May 10, 1910.

#### (109 Pac. 302.)

**APPEAL AND ERROR—Discretion of Court — New Trial.** A trial court, for the purpose of administering justice, has a very wide and extended discretion in setting aside and modifying proceedings had in its own court, if it does so at the same term at which such proceedings are had; and therefore, where an application is made by a garnishee at the same term of court at which a judgment by default had been rendered against him for a new trial, and the application is supported by affidavit showing that he was unavoidably absent when the judgment was so rendered, and the trial court sustains the application, and grants a new trial, held, that the Supreme Court cannot say that the trial court abused its discretion or erred so materially as to require a reversal of its order granting the new trial, although the application was in the form of a motion, and was not filed within three days after the rendition of such judgment.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by the Badger Lumber Company against W. H. Rhoades and T. H. Dunn and another, garnishees. From an order vacating a judgment rendered against the garnishees, plaintiff brings error. Affirmed.

*Chas. Mitschrich,* for plaintiff in error.—Citing *A. J. Harwi Hardware Co. v. Klippert et al.* (Kan.) 74 Pac. 254.

*Hammonds & Hammonds,* for defendants in error.—Citing: *McAdams v. Latham,* 21 Okla. 511; *Hemme v. School Dist.,* 30 Kan. 377; *Wilson v. Hillyer* (Kan.) 31 Pac. 1064; *Davis v. Lilly* (Okla.) 87 Pac. 302; 23 Cyc. 901; 17 A. & E. Enc. L. 813.

KANE, J.   Originally this was an action by the Badger Lumber Company against W. H. Rhoades, on a promissory note.

Rhoades was duly served with summons, but never filed any pleadings nor made any appearance in the cause. On the day the action was filed, summons in garnishment was issued and served upon T. H. Dunn and the Lawton National Bank. Mr. Dunn answered as follows:

"T. H. Dunn, being duly sworn, does on oath depose and say that he is the garnishee in the above-entitled action. Affiant further says that, at the time of the service of summons in garnishment in the above-entitled action, he was not indebted in any way to said defendant, and that he has no valuables of any kind or character in his possession belonging to said defendant or under its control. Wherefore, said garnishee asks to be discharged with his fees."

This answer was subscribed and sworn to.

The Lawton National Bank answered as follows:

"T. H. Dunn, being first duly sworn, does on oath depose, and say that he is cashier of said Lawton National Bank, the garnishee in the above-entitled action, and that the Lawton National Bank is a corporation duly organized and authorized to do business in the territory of Oklahoma, in the city of Lawton, and that affiant is authorized to file this answer for said corporation. Affiant further says that at the time of the service of the summons in garnishment in the above-entitled action he verily believes that said garnishee was not indebted in any way to said defendant, and that it has no valuables of any kind or character in its possession belonging to said defendant or under control of said bank. Wherefore said garnishee asks to be discharged with its fees."

This answer was signed by Mr. Dunn and sworn to. Afterwards the plaintiff moved the court for judgment by default against the principal defendant, W. H. Rhoades, and against the garnishee, for the full amount claimed in the petition (for the reason that the answer of the garnishees and each of them is insufficient in law to exonerate said garnishees from liability). This motion was sustained on the 20th day of February, 1908, and judgment duly entered against the principal defendant and the garnishees as prayed. Afterwards on the 27th day of February, 1908, at the same time said judgment was entered, the garnishees filed

their separate motions to set aside said judgment and for a new trial. The next day, a regular day of said term, this motion was sustained, and an order entered vacating the judgment theretofore rendered against the garnishees. To reverse this last order this proceeding in error was commenced.

Among the grounds for vacating the judgment against them set up by the garnishees in their application and motion to vacate, which was sworn to, were the following: That after they filed their answers, as hereinbefore set out, the plaintiff did not serve upon them a notice in writing that it elected to take issue on said answers. That, after filing said answers, no notice of any kind was served upon them or brought to their attention, nor did they have any knowledge of any objection or exception to the form or substance of their answers, or any intimation whatever that they were not satisfactory; that they were never notified of the motion for judgment against them, and the first time they learned that any action of any kind or nature had been taken against them was on the 26th day of February, 1908, the day before they filed their motion to vacate. That it was error to render judgment on the pleadings against the garnishees under the circumstances above set out there can be little doubt. *Brooks v. Fields et al.*, 25 Okla. 427, 106 Pac. 828. Counsel for plaintiff in error, however, does not dispute this proposition, but contends that, "as no motion for a new trial had been filed in three days, the only method of setting aside this judgment is by motion under the third subdivision of section 4760, of Wilson's Revised and Annotated Statutes of 1903, or by petition as provided in section 4762, of Wilson's Revised and Annotated Statutes of 1903, under subdivisions 4, 5, 6, 7, 8, and 9, of Wilson's Statutes of 1903."

In the case of *McAdams v. Latham*, 21 Okla. 511, 96 Pac. 584, the judgment was entered on the 5th day of January, 1906, and on the 12th day of the same month and at the same term the defendant filed what was termed in the record a "motion for new trial," supported by affidavit to the effect that the reason the motion for a new trial was not filed within three days from the date

of rendering said judgment was that the defendant had employed an attorney to represent him therein, and that said attorney expected to be present at said trial, but, on account of sickness of said attorney, it was impossible for him to be present, etc. The first paragraph of the syllabus is as follows:

"A trial court has a wide and extended discretion in modifying, vacating, setting aside orders, judgments, or decrees, made, entered, and rendered in its own court, when it does so at the same term at which such order, decree, or judgment was had."

In the opinion, Mr. Chief Justice Williams, who delivered the opinion for the court, quotes with approval from *Hemme v. School District No. 4*, 30 Kan. 377, 1 Pac. 104, as follows:

" 'It will be remembered that the original motion for the new trial was filed at the term at which the original trial was had and upon grounds authorized by the statute. Civ. Code, § 306, subd. 3; section 568, subd. 7. It is claimed, however, by the plaintiff that the motion was not filed within the proper time. Now, it is true that the motion was not filed within three days after the decision of the court; but still the defendant attempted to show, and the court evidently found the showing sufficient, that the defendant was unavoidably prevented from making an appearance on the day of trial and defending the action, or from filing its motion for a new trial at an earlier date than it did file the same. We think this is sufficient. Civ. Code, § 308. The motion would have also been sufficient under subdivision 7, § 563, of the Civil Code, if it had been put in the form of a petition; but, as it was made at the same term of the court, and so soon after the trial, and as the plaintiff had as ample opportunity to defend against the facts set up in the motion and set up in the defendant's affidavits as he would have had if the facts had been set up in a petition, probably the fact that the application was in the form of a motion, and not in the form of a petition, is not very material. Upon the whole, we think the ruling of the district court upon the motion should be sustained. It must be remembered that a trial court for the purpose of administering justice has a very wide and extended discretion in setting aside or modifying proceedings had in its own court, if it does so at the same term at which such proceedings were had. In the present case we cannot say that the district court abused its discretion, or erred so materially as to require a reversal of its order granting a new trial.' "

As the foregoing cases seem to be decisive of the only ques-. tion raised by counsel for plaintiff in error, and support the ruling appealed from, it follows that the judgment of the court below must be affirmed.

All the Justices concur.