## ANDERSON v. CHRISMAN.

No. 2539.   Opinion Filed February 18, 1913.

(130 Pac. 539.)

1. **APPEAL AND ERROR—Grounds for Granting—Presumptions.**
   When the court in granting a new. trial specifies fully and in
   detail the reason upon which the act is based, it will be presumed
   that the reason thus stated is the only one upon which the court
   acts.

2. **NEW TRIAL—Granting on Court's Motion.** The court set aside
   the verdict of a jury and granted a new trial, twenty days after
   the verdict had been returned, on its own motion; neither side
   having filed a motion therefor, and no claim of collusion, imposition,
   or fraud upon the court being claimed.   **Held,** error.

(Syllabus by Brewer, C.)

*Error from the District Court, Osage County;*
*R. H. Hudson, Judge.*

Action by George C. Chrisman against Frank M. Anderson.
From the judgment, Anderson brings error.   Reversed.

*Grinstead, Mason & Scott,* for plaintiff in error.
*Hargis & Sams,* for defendant in error.

Opinion by BREWER, C.   The court in this case set aside
the verdict of the jury, on its own motion, without a motion
being filed by either side in any wise complaining of the verdict.
This action by the court was taken twenty days after the ver-
dict was returned.   The appellant here was defendant below
against whom the verdict was rendered.   The reasons given by
the court for disturbing a verdict of the jury which was ap-
parently satisfactory to both parties is stated by the court as
follows:

"For the reason that the court was of the opinion that the
matter involved in this action should be tried out in case No.
636 on the trial docket of this court, which is a suit in equity
for the dissolution of a partnership, accounting, and settlement
of the partnership affairs in which action all the rights of the

parties hereto can be determined; Frank M. Anderson and one John H. Harris being plaintiffs, and said George C. Chrisman, defendant," etc.

The reason of the court being stated fully and in detail, it must be presumed that there was no other reason for the action taken. This reason was not a sufficient one for disturbing the verdict of the jury. There is not a suggestion of fraud, collusion, or that the court had in any way been imposed upon, nor even that the verdict was an erroneous or improper one. It is therefore unnecessary to discuss the inherent powers of the court, in controlling its process and judgments during the term; if the power exercised in this case exists, and if *Long v. County Commissioners,* 5 Okla. 128, 47 Pac. 1063, takes too narrow a view of the law, which it is not necessary here to decide, yet still the court, under the facts of this case, erred in setting aside a verdict acquiesced in by the litigants. The cause should be reversed.

By the Court: It is so ordered.