### TODD *et al.* v. ORR.

No. 3463.  Opinion Filed December 22, 1914.

(145 Pac. 393.)

1. **NEW TRIAL—Power to Grant—Statute.** Courts of general common-law jurisdiction have the inherent power upon their own motion to set aside a verdict and grant a new trial on account of prejudicial error, when done at the same term of court at which the verdict was returned or judgment render-

ed; and the power will not be deemed to have been taken away by statute, unless intent to do so is clear.

(a) **Long v. Board of County Commissioners,** 5 Okla.. 127, 47 Pac. 100, announcing a contrary rule, overruled.

2.  **JUDGMENT—Procedure—Vacation During Term.** A court of general jurisdiction has control over orders or judgments during the term at which made, and for sufficient cause may modify or set them aside at that term, and, when so set aside, the parties are remitted back to such rights and remedies as they formerly had, the same as though the order or judgment vacated had not been made in the first instance.

3.  **TRIAL—Jurisdiction—Correction of Errors.** The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed, not alone by their solicitude for the rights of litigants, but also by the considerations of justice to themselves as instruments provided for the impartial administration of the law.

4.  **JUDGMENT—Setting Aside—Vacation of Order—Jurisdiction.** Where a court, possessing the power to set aside a judgment, does so, for whatever cause, and no objection thereto is made or appeal prosecuted, the court's action becomes final, and cannot be attacked by motion filed more than three years thereafter.

5.  **SAME—Waiver of Error.** Error of the trial court in setting aside and vacating a judgment, where the court has jurisdiction so to do, unless appealed from or otherwise reviewed according to the forms of law, cannot be availed of by the litigant prejudicially affected.

(Syllabus by Sharp, C.)

*Error from District Court, Tulsa County;*

*L. M. Poe, Judge.*

Action by James W. Orr against Samuel K. Todd and another. Judgment for defendants, which was vacated on motion of plaintiff. From an order overruling defendants' motion to vacate all proceedings had therein since the rendition of the original judgment, defendants bring error. Affirmed.

*S. M. Rutherford, O. S. Booth, Benj. F. Rice,* and *Thos. D. Lyons,* for plaintiffs in error.

*Biddison & Campbell* and *Chas. B. Rogers,* for defendant in error.

Opinion by SHARP, C. On August 7, 1907, plaintiff instituted an action in ejectment against the defendants in the

United States Court for the Western District of the Indian Territory. September 21st, thereafter, defendants filed their answer, and on the same day plaintiff filed his reply. Thereafter and on the 17th day of January, 1908, the case came on for trial before the district court within and for the county of Tulsa; said court being the legal successor of the United States Court for the Western District of the Indian Territory. The trial resulted in a verdict for defendants (which verdict was signed by but nine of the twelve jurors trying the case). Thereupon and on the same day, judgment for the defendants was duly entered upon the verdict of the jury. On the day following, plaintiff filed his demand in writing for a second trial, claiming the right thereto under authority of section 4792, Wilson's Rev. & Ann. Stat. 1903 (Rev. Laws 1910, sec. 4932). On the 22nd day of July, and at the same term of court, the court vacated and set aside the judgment theretofore rendered in said action, and directed that the case stand for trial at the next term of court. No objection was made by counsel to the order vacating the judgment, and at the October, 1908, term the case was again heard upon its merits, and resulted in a verdict for the plaintiff. Motion for new trial was thereafter filed, and the hearing thereon continued until September 13, 1909, when said motion was sustained. No further proceedings of consequence were had in said action until the 27th of November, 1911, when defendants filed their motion to dismiss the cause for want of jurisdiction, alleging that the original order of July 22, 1908, vacating the judgment theretofore rendered, was void; the court being without jurisdiction in the premises. On the same day the motion was overruled and, exceptions being saved, the case is brought here for review.

In overruling the defendant's motion to vacate the proceedings had in said case since January 17, 1908, the court made the following order:

"The court further holds, in addition to vacating the judgment upon the grounds stated in the demand, that the court should, at this time, upon its own motion, enter an order setting

aside and vacating the judgment theretofore rendered in the original case, for the reason that it appears from the face of the record that there was no sufficient verdict returned into court. by the jury sitting upon said cause upon which a judgment could be predicated, and that the judgment so rendered at said term was wholly void and without any force or effect whatever, which is accordingly so ordered, considered, and adjudged."

This order, made more than three years after the order of July 22, 1908, by the court of its own motion, was *coram non judice*. The order vacating the judgment must stand or fall independent of the latter order assigning a new reason for the court's action. The latter added nothing to the original order except to furnish an additional ground for what had already been done. What we have said of the unauthorized act of the court in its final judgment is of minor importance, however, in view of the fact that our conclusion must rest upon the power of the court to vacate the judgment in the first instance.

Plaintiff's action, as we have seen, was one in ejectment, and was pending in the United States Court for the Western District of the Indian Territory upon the admission of Oklahoma into the Union as a state. The plaintiff, being the losing party in said action, was not entitled to a second trial as a matter of right. *Runyan v. Fisher*, 28 Okla. 450, 114 Pac. 717; *Iowa Land & Trust Co. v. Indian Land & Trust Co.*, 29 Okla. 308, 116 Pac. 769; *Campbell-Ratcliff L. Co. v. Klaus*, 31 Okla. 120, 120 Pac. 561. It was the contrary belief of the court and doubtless of counsel both for plaintiff and defendants, as the point was urged by the former, sustained by the court, and no objection thereto made by counsel for defendants. The effect, however, of the court's action, even though erroneous, was to vacate the original judgment and to open up the whole case for further proceedings. *Boynton et al. v. Crockett et al.*, 12 Okla. 57, 69 Pac. 869; *Langhorst v. Rogers*, 88 Ark. 318, 114 S. W. 915; 29 Cyc. 1028.

It has uniformly been held by this court that a cause of action pending and undetermined at the time of the erection

of the state is to be tried or continued, as if no change in the form of government had taken place. *Freeman v. Eldridge,* 26 Okla. 601, 110 Pac. 1057; *Pac. Mut. Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026; *Missouri, K. & T. Ry. Co. v. Walker,* 27 Okla. 849, 113 Pac. 907; *St. Louis & S. F. R. Co. v. Cundieff,* 171 Fed. 319, 96 C. C. A. 211. Under the laws in force in the Indian Territory prior to statehood, courts of record had the power to set aside, vacate, and annul judgments and orders, during the term at which rendered. The existence of this right and its propriety were not questioned. Referring to this prerogative, it is said in *Ashley v. Hyde et al.,* 6 Ark. 92, 42 Am. Dec. 685:

"It is based upon the substantial principles of right and wrong, to be exercised * * * for the furtherance of justice."

In *Underwood v. Sledge,* 27 Ark. 295, it is announced to be the settled law in that state that a court has control over its orders and judgments during the term at which they are made, and for sufficient cause may modify or set them aside; that, when an order or judgment of a court is set aside at the same term of the court at which it was rendered, the whole suit or matter stands precisely as if no such consideration had been had or entered of record, and all parties interested are remitted back to such rights and remedies as they had before the making of the orders or judgments so vacated. In 17 Am. & Eng. Enc. Law, 813, the rule is declared to be that every court has absolute control over its own judgments and decrees during the term at which they are rendered, and may therefore at any time before the expiration of the term, in the exercise of its discretion, open, amend, correct, revise, vacate, or supplement any judgment or decree rendered during such term. Many authorities supporting the text are cited in the footnotes. In 14 Enc. Pl. & Pr. 932, the text is to the effect that courts have the inherent power to correct errors in cases tried before them, and in the exercise of such power may grant new trials on their own motion, or for grounds not specified in the motion of one of the parties. The right was one recognized at common law. In *Rex v. Gough,* 2

Doug. 791, the court suggested that a new trial would be proper, and on counsel saying they would have moved for it, but thought it too late, Lord Mansfield declared that the court, if enough appeared, could grant a new trial. In *Rex v. Holt,* 5 Term R. 437, Lord Kenyon said he well remembered *Rex v. Gough,* "where the objection to the verdict was taken by the court themselves." And Buller, J., observed, in concurring, that:

"After four days the party could not be heard on motion for new trial, but only in arrest of judgment; but if, in the course of that address, it incidentally appear that justice has not been done, the court will interfere of themselves."

See, also, *Rex v. Atkinson,* 5 T. R. 437.

In *Hensley v. Davidson Bros. Co.,* 135 Iowa, 106, 112 N. W. 227, 14 Ann. Cas. 62, it is said that there is no provision of the Code relating to orders of this kind on the court's own motion. That such right exists, however, is indisputable. It is one of the inherent powers of the court essential to the administration of justice.

In *Weber v. Kirkendall,* 44 Neb. 766, 63 N. W. 35, the following language is used in stating the court's conclusion:

"We do not doubt the power of the trial court to examine its record and to set aside a verdict on account of prejudicial error on its own motion in the absence of a request by either party * * * The rule thus recognized has not only the sanction of authority, but rests upon the soundest and most satisfactory reasons. The power is inherent."

The same conclusion in effect was reached in *Bank of Willmar v. Lawler,* 78 Minn. 135, 80 N. W. 868, by the use of the following language:

"Appellant contends that as our statute provides that the notice of motion for a new trial shall be in writing, and shall state the grounds of the motion, the court below had no authority to grant a new trial on its own motion. Under the common law practice, it was well settled that the trial court could grant a new trial on its own motion. Our Code of Civil Procedure does not expressly cut off this power of the court, and, in our opinion, does not do so by implication, although the Code may to some extent limit or modify that power. * * *

The provisions of such a statute regulating motions for a new trial do not prevent the court, in a proper case, from granting a new trial on its own motion."

In *State ex rel. v. Adams,* 84 Mo. 310, in sustaining the right of the court of its own motion to grant a new trial, the court observed:

"That this power may be abused by the court is no argument against its existence. The appellate courts will find a way to correct any abuse of the power by the lower courts. It is conceded by the Court of Appeals, in the opinion delivered in this cause, that at common law this power could be exercised by the courts, independent of any application by a party for its exercise. * * * And that our statute, prescribing the time within which a party may file a motion to set aside a verdict, does not confer upon the court any power which did not previously exist, or abridge the recognized power of the court, but simply regulated the privilege of the parties to the suit."

Other opinions supporting our position are: *Ellis v. Ginsburg,* 163 Mass. 143, 39 N. E. 800; *Commonwealth v. Gabor,* 209 Pa. St. 201, 58 Atl. 279; *Ft. Wayne & B. I. R. Co. v. Donovan,* 110 Mich. 173, 68 N. W. 115; *Eggen v. Fox,* 124 Wis. 534, 102 N. W. 1054; *DeVall v. De Vall,* 60 Ore. 493, 118 Pac. 843, 120 Pac. 13, 40 L. R. A. (N. S.) 291, Ann. Cas. 1914A, 409; *Ex parte Henry,* 24 Ala. 638; *Gould & Co. v. Tatum,* 21 Ark. 329; *Ivanhoe Furnace Corporation v. Crowder's Adm'r,* 110 Va. 387, 66 S. E. 63; *Gallegos v. Sandoval,* 15 N. M. 216, 106 Pac. 373; *Schmidt v. Brown,* 80 Hun. 183, 30 N. Y. Supp. 68; *Hawkins v. New Orleans Printing Co.,* 29 La. Ann. 134; *Dicken v. Smith,* 1 Litt. (Ky.) 209; *Duff. v. Fisher,* 15 Cal. 380.

In reaching our conclusion, we have not overlooked the case of the territorial court, in *Long v. Board of County Commissioners,* 5 Okla. 128, 47 Pac. 1063. The opinion in this case was by a divided court. No brief was filed defending the trial court's action, and it is stated in the opinion that no cases were cited or known to the court which sustained the practice. While it does not appear that the opinion has ever been expressly overruled, a conclusion in consonance with that herein stated appears to have been reached by this court in *McAdams v. Latham,* 21

Okla. 511, 96 Pac. 584, where it was said that a trial court had a wide and extended discretion in modifying, vacating, or setting aside an order, judgment, or decree entered and rendered in its own court, when it did so at the same term at which said order, decree, or motion was had. The same right was recognized in the following additional cases: *Brown et al. v. Capital Townsite Co.,* 21 Okla. 586, 96 Pac. 587; *Badger Lbr. Co. v. Rhoades,* 26 Okla. 261, 109 Pac. 302; *Riely v. Robertson,* 29 Okla. 181, 115 Pac. 877. Nor does the opinion in *Anderson v. Chrisman,* 37 Okla. 73, 130 Pac. 539, announce a contrary rule; the facts in that case being considered. After referring to the opinion in *Long v. County Commissioners, supra,* the Criminal Court of Appeals of this state, in *Johnson v. State,* 1 Okla. Cr. 321, 97 Pac. 1059, 18 Ann. Cas. 300, after reviewing *McAdams v. Latham, supra,* concluded:

"If it appears to the trial court, after overruling a motion for a new trial or a motion in arrest of judgment, that there was irregularity in obtaining the judgment, it may, of its own motion, modify or set aside its order overruling the motion for a new trial or the motion in arrest of judgment. This may be done at the term of the court at which the order was made; but after final judgment has been rendered and the term has expired, there must be a substantial compliance with the statute, to give the court further jurisdiction."

The power of a court of record, during the term at which rendered, to control its orders, judgments, and decrees, made during the term, is of far-reaching importance. That such authority should be possessed by trial courts of general jurisdiction must be conceded. Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong, from mere inability to do right. We do not believe it was the intention of the Legislature either to destroy or impair the exercise of such authority, nor does the language of the statute so indicate. As we have seen, from the early days of the common law, the right has been recognized. It is a necessary and inherent power pertaining to the courts in the administration of justice that the very end and object of their institution may not

be defeated. The rule laid down by the court in *Long v. Board of County Commissioners, supra,* being against both sound reason and the great weight of authority, should be and is expressly overruled. The extraordinary power thus recognized to exist should be exercised sparingly, and, we may add, upon due notice to the parties, or at the time when the verdict is rendered. This, that the losing litigant may have timely opportunity to except, and, if desirous, appeal from the court's action.

The court having the inherent right to vacate the judgment (though its action was subject to review on appeal), and its order having been acquiesced in without form of objection, it is final, for it is a principle needing no citation of authorities in its support that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and, whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding. If, however, it acts' without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void.

The verdict of the jury, it appears, was signed by but nine jurors. The action being one pending in the United States Court for the Indian Territory, upon the incoming of statehood, plaintiff was entitled to a unanimous verdict; that was a right preserved to him by the Schedule to the Constitution, which remained unaffected by section 19, art. 2, of the state Constitution, authorizing in civil cases three-fourths of the whole number of jurors concurring to render a verdict. *Pac. Mutual Life Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026; *Choctaw Electric Co. v. Clark,* 28 Okla. 399, 114 Pac. 730; *Swift v. Coulter,* 28 Okla. 768, 115 Pac. 871. Whether such a verdict rendered the judgment void or voidable only, it is unnecessary to decide. It is the question of the jurisdiction possessed by the trial court, and not its exercise, with which we are concerned. That the court erred, or gave an erroneous reason for its conclusion, is immaterial. Having exercised its power, however prompted, the effect was to vacate and set aside the judgment. No appeal having been prosecuted from this order, it has become final. There

is absolutely no warrant of law for attacking the judgment of the trial court in the manner attempted by the motion of November 17, 1911.

The judgment of the trial court, in overruling said motion, should therefore be sustained.

By the Court: It is so ordered.