# HAWKINS v. HAWKINS.

No. 5482.    Opinion Filed December 7, 1915.

(153 Pac. 844.)

**MOTIONS—Orders—Vacation at Subsequent Term—Validity.** The district court or superior court is without jurisdiction, at a subsequent term, to take any steps towards vacating or modifying a judgment or order of the court, unless the provisions of sections 5267-5269, Rev. Laws 1910, relating to the vacation and modification of judgments and orders, have been substantially complied with. An order made by the court at a subsequent term, vacating a former order, without complying with the terms of the statute in regard thereto, is void.

(Syllabus by Rummons, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by Emma Hawkins against William Hawkins. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

This action was begun in the superior court of Custer county by the defendant in error for a divorce from plaintiff in error, the custody of the children, and alimony. On September 7, 1912, at the August, 1912, term of the superior court of Custer county, judgment was rendered for defendant in error by default. At the same term, on October 7, 1912, the court sustained a motion of plaintiff in error to vacate and set aside the judgment and decree theretofore rendered in said cause, and permitted plaintiff in error to have thirty days from said date to take depositions to be used in the new trial of said cause. At the February, 1913, term of said court, on April 3, 1913, the court upon its own motion revoked, set aside, and held

for naught the order theretofore made in said cause, setting aside the decree made prior thereto, for the reason "that the court finds that said order was procured by the defendant for the purpose of evading the decree heretofore made," and ordered that the decree theretofore made be adjudged to be the judgment of the court, and date back and be in force and effect from and after its rendition on September 17, 1912, and ordered that said decree be made the *nunc pro tunc* decree of the court. Thereafter plaintiff in error, on April 19, 1913, filed his motion to vacate and set aside the order of April 3, 1913, alleging he had no notice of the making of said order, or that the matter would be taken up at that time. The court overruled this motion, and plaintiff in error appeals.

*Chas. T. Randolph*, for plaintiff in error.

Opinion by RUMMONS, C. (after stating the facts as above). Our statutes (section 5267, Rev. Laws 1910) prescribe the grounds for and the manner in which the district court shall have power to vacate or modify its judgments, as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: First. By granting a new trial for the cause, within the time and in the manner prescribed in section 5035. Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in section 4728. Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment or order. Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. Sixth. For the

death of one of the parties before the judgment in the action. Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending. Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 5142. Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

This statute has been frequently construed by this court, and the law is well settled that, while great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same were rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps towards vacating or modifying a judgment or order of the court, unless there is a substantial compliance with the terms of the statute. *McAdams v. Latham,* 21 Okla. 511, 96 Pac. 584. In the case last cited plaintiff had judgment at the same term, but after the statutory time for filing a motion for new trial had expired, the court permitted a motion for new trial to be filed, and granted defendant a new trial of the cause. At a succeeding term, upon the motion of the plaintiff, the trial court set aside the order granting a new trial of the cause. This court, in passing upon the correctness of the last order, says:

"The plaintiff failing to appeal from the order granting a new trial, after the expiration of the term at which final judgment was entered, there must be a substantial compliance with the statute to give the court further jurisdiction to modify, vacate, or set aside any judgment rendered at a preceding term." *McKee v. Howard,* 38

Okla. 422, 134 Pac. 44; *Lookabaugh v. Cooper*, 5 Okla. 102, 48 Pac. 99; *Long v. Board of County Commissioners*, 5 Okla. 128, 47 Pac. 1063; *Anderson v. Chrisman*, 37 Okla. 73, 130 Pac. 539.

It is apparent that there was no effort in this case to follow the statute as to the procedure required to be taken in vacating a judgment or order of the court. The order upon its face shows that it was made upon the court's own motion, without any showing or notice to the parties concerned in the cause, and our courts have held that it is error for a court upon its own motion to grant a new trial or set aside a judgment or order without some showing of fraud or collusion, or that the court had been imposed upon. *Long v. Board of County Commissioners, supra; Anderson v. Chrisman, supra.*

Section 5268, Rev. Laws 1910, provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 5269, Rev. Laws 1910, provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

It will be noticed that, in all cases in which the statute authorizes the court to vacate or modify its

judgments or orders at or after the term at which they are rendered or made, except in motions for new trial or for new trials granted in proceedings against defendants constructively summoned, notice to the adverse party is required. And upon all the grounds for modifying or vacating a judgment or order, except for mistake, negligence, or omission of the clerk or irregularity in obtaining such judgment or order, the proceedings must be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify, and upon such petition a summons must issue and be served as in the commencement of an original action.

We are clearly of the opinion that the court below was without jurisdiction to take any steps in the matter of vacating or modifying the order theretofore made by it setting aside the judgment in favor of defendant in error, except in accordance with the provisions of the statute. And, as there is a total absence of any attempt to comply with the procedure laid down in our Code, we hold that the order of April 3, 1913, revoking, setting aside, and holding for naught the order theretofore made setting aside the decree in this cause, was without jurisdiction and void, and that the trial court erred in overruling the motion of plaintiff in error to vacate such order. This cause should be reversed, with directions to the court below to vacate and set aside the order of April 3, 1913, heretofore set out.

By the Court: It is so ordered.