## SAXON v. SAXON.

No. 15583—Opinion Filed Sept. 15, 1925.

Rehearing Denied Dec. 1, 1925.

### Judgment—Vacation or Modification After Term—Procedure.

After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by William Leonard Saxon against Marguerite Saxon for divorce and custody of child. Judgment for defendant on her cross-petition. Plaintiff filed petition to set judgment aside, defendant filed motion to jurisdiction, motion overruled, and order entered vacating the judgment, and from this order defendant appealed. Reversed.

Slough & Gibson, for plaintiff in error.

Ahern, Fitzpatrick & Murphy, for defendant in error.

Opinion by THREADGILL, C. Plaintiff in error was defendant and defendant in error was plaintiff, in the trial court, and the parties will be referred to here as they were there. Plaintiff brought his action against the defendant for divorce and custody of their minor child, and after issues joined by the petition, answer, cross-petition,

and reply, the cause was tried to the court December 17, 1923, resulting in judgment in favor of the defendant for divorce and custody of child. On December 20, 1923, plaintiff filed written notice of appeal from this judgment, and on the same day filed motion for new trial. The terms of the district court of Carter county began on the first Mondays in December, January, May, and September. The motion for new trial was not acted on during the December, 1923, term of the court, and was never presented and acted on at any time thereafter. On February 20, 1924, and during the January, 1924, term of the court, plaintiff filed a petition to set aside the judgment of December 17, 1923, on the ground that defendant had violated the provisions of said judgment and the law of the state by contracting marriage in Cook county, Ill., on December 24, 1923, seven days after the judgment was rendered, and before the expiration of six months, and while his motion for new trial was pending. A copy of the license authorizing and celebrating the marriage was attached to the petition, also a copy of the judgment and the motion for new trial. There was no summons issued on this petition, and on April 30, 1924, defendant filed a motion objecting to the jurisdiction of the court to consider the petition or grant the plaintiff any relief asked for thereon. On the same day the court overruled the motion of defendant and stated that he would consider the "petition to vacate the judgment as a motion for new trial," and thereupon the court made an order vacating the judgment as asked for in the petition and granting plaintiff a new trial, to which defendant excepted, and brings the case here for review, asking for reversal on the ground that the court erred in overruling her motion to the jurisdiction and in making the order vacating the judgment.

The only question involved is the question of jurisdiction. Section 574, Comp. Stat. 1921, provides that a motion for new trial shall be made and filed within three days after judgment rendered, unless the reason for not doing so comes under one of the exceptions named therein. This provision of the statute is mandatory. Gill v. Haynes, 28 Okla. 656, 115 Pac. 790.

The petition by plaintiff to vacate the judgment, which the court considered as a motion for new trial, was not made and filed within the three days, nor does it state facts showing that it comes within the exceptions of the three days rule, and it was,

therefore, insufficient, under the statute, to serve the purpose of a motion for new trial, and no summons having been issued and served as provided by section 812, Comp. Stat. 1921, it could not serve the purpose of a petition. McAdams v. Latham, 21 Okla. 511, 196 Pac. 584; Hawkins v. Hawkins, 52 Okla. 786, 153 Pac. 844; Merrill v. Merrill, 67 Okla. 285, 170 Pac. 1155; Anderson v. Lynch, 94 Okla. 137, 221 Pac. 415. Hence, the order vacating the judgment of the court, based on the said petition considered as a motion, is void and of no force and effect, and the same should be vacated.

We, therefore, recommend that the order of the court made on April 30, 1924, vacating the judgment of December 17, 1923, be reversed, and the cause remanded to the trial court, with directions to set the order aside and sustain the motion of defendant to the jurisdiction of the court.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 221, §445.