## HARN v. BOYD.

No. 7663—Opinion Filed Jan. 22, 1918.

Rehearing Denied Feb. 12. 1918.

(170 Pac. 505.)

**1. Judgment—Control of Court During Term—Vacation or Modification.**

The judgments, decrees, or other orders of the court, however conclusive in their

character, are under the control of the court which pronounces them during the term at which they were rendered or entered of record, and may then be set aside, vacated, or modified by the court.

## 2. Appeal and Error—Discretion of Trial Court—Vacation of Orders.

The setting aside and vacating of orders rests in the sound legal discretion of the trial court, and unless it affirmatively appears that the court abused its discretion in vacating a judgment of order of default, its decision will not be disturbed on appeal. Hence, in the absence of any showing of abuse of its discretion, the court's order setting aside a default judgment and allowing the party against whom such order was entered to plead out of time will not be disturbed on appeal.

## 3. Pleading—Striking Reply — Judgment on the Pleadings.

Where the defendant attaches to his answer and cross-petition a verified account, which on its face shows that it is a joint liability against the plaintiff and a third party who is not a party to the action, and the defendant alleges in his answer and cross-petition that such account is a joint liability against the plaintiff and such third party, and further alleges that the third party is the agent of the plaintiff, and the correctness of such account is denied by the affidavit of the third person in the reply of the plaintiff, it is not error for the trial court to refuse to strike the reply of the plaintiff for want of proper verification or to refuse to render judgment upon the pleadings.

(Syllabus by Pryor, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by Martha E. Boyd against William F. Harn. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Harn and Choate & Choate, for plaintiff in error.

Shirk & Danner, for defendant in error.

Opinion by PRYOR, C. This action was commenced on the 4th day of June, 1914, in the district court of Oklahoma county by Martha E. Boyd, defendant in error, against W. F. Harn, plaintiff in error, for the recovery of rents collected by the plaintiff in error as agent of the defendant in error. The parties will be referred to as they appeared in the trial court.

The petition of the plaintiff alleges that she is the owner of certain lots in Oklahoma City, and that from July, 1910, to September, 1913, the defendant, as her agent, had collected as rents from tenants of said premises the sum of $1,900, for which the

defendant had made no settlement. The plaintiff asks for judgment against the defendant for said sum, with interest at 6 per cent. per annum.

The defendant in his answer interposes a general denial of the allegations of the petition of the plaintiff, and further alleges that during the period wherein it is alleged that the defendant collected the rents claimed by the plaintiff there was a partnership agreement between the plaintiff and defendant and one W. W. Boyd, and alleges that the defendant was to purchase, hold, and sell real property in Oklahoma City, and the defendant and W. W. Boyd were to furnish the funds to carry on the real estate business, and that all three were to share the profits equally, and alleges various and numerous transactions wherein the defendant, Harn, bought and sold property at a great profit, and alleges that there was due to him by reason of these transactions $14,660. He further alleges that the property and the rents involved in this action were his property included in the partnership business, and admits that he has collected $776.80. The defendant further alleges as a counterclaim that the plaintiff and W. W. Boyd, for services rendered them as attorney in several actions, are due him the sum of $3,745, and attaches to his answer and cross-petition Exhibit A, in a form of an accounting stated as an account of Martha A. Boyd, plaintiff, and W. W. Boyd with the defendant. He also attaches as Exhibit B and the various items claimed to be due him by reason of the real estate transactions consummated by him in the form of a stated account, as an account of Martha E. Boyd, plaintiff, and W. W. Boyd with W. F. Harn, defendant, which shows a balance of $14,660 due, and asks judgment against the plaintiff in this sum. There was judgment for the plaintiff against the defendant in the amount of $776, and the defendant appeals.

The first assignment of error urged by the defendant is that the court erred in setting aside an order adjudging the plaintiff to be in default for want of a reply to the answer and cross-petition of the defendant.

On the 30th day of November, 1914, the trial court adjudged the plaintiff in default on account of her failure to file a reply to the answer and cross-petition of the defendant, and left the case standing on the docket for a hearing on the answer and cross-petition of the defendant.

On the 2d day of December, 1914, the cause was called for hearing, and on that date the trial court, on motion of the plain-

t'ff's attorney to vacate the order of default, made an order vacating said order of default, and allowed the plaintiff to file a reply to the answer and cross-petition of the defendant, to which order of the court the defendant excepted, and urges in this court that the trial court erred in vacating the order of default. The vacating and setting aside of default judgments or orders of default and allowing a party to file proceedings out of time is a matter that is vested in the sound legal discretion of the trial court, and this court has repeatedly held that, unless it affirmatively shows that the trial court has abused this discretion, the trial court's decision will not be disturbed on appeal. The record in this case does not disclose any abuse whatever of the trial court's discretion in vacating the order of default. Especially the rule above announced is applicable to cases where the default is set aside at the same term, and upon motion timely made, as was done in this cause, there was no error prejudicial to the rights of the defendant committed by the trial court in setting aside a default order which would justify the interference of this court on appeal. And further it is a general rule of law that judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they were rendered or entered of record, and may then be set aside, vacated, or modified by the court. St. L. & S. F. R. Co. v. Lowrey, 61 Okla. 126, 160 Pac. 716.

2. The defendant contends that the court erred in sustaining the plaintiff's demurrer to certain paragraphs of the answer and cross-petition of the defendant. After the action of the court on the plaintiff's demurrer, and on the 5th day of January, 1915, the defendant filed his third amended answer and cross-petition, and all of the defenses that were set out in the original answer and cross-petition, to which the demurrer was sustained, which had any merits to them whatever, were incorporated in the third amended answer and cross-petition filed on said date. If there was any error in the action of the court on said demurrer, it was rendered harmless by the filing of the amended answer and cross-petition thereafter, on which amended answer and cross-petition the defendant went to trial.

3. The defendant contends that the court erred in overruling the defendant's motion to strike the reply of the plaintiff, and rendering judgment on the proceedings, for the reason of want of sufficient verification of the reply, denying the correctness of the account attached to the defendant's answer and cross-petition.

The reply of the plaintiff is verified by the affidavit of W. W. Boyd, and it is the contention of the defendant that this verification by W. W. Boyd is wholly insufficient.

If the account attached to the answer and cross-petition of the defendant had been an account against the plaintiff, there might have been sufficient merit in the defendant's contention to require a serious consideration, but the accounts which the defendant contends should have been denied by the plaintiff under oath show on their face, and it is alleged in the answer and cross-petition of the defendant that they are joint accounts and joint liabilities against the plaintiff and W. W. Boyd.

One of the purported accounts is for undetermined amounts claimed for attorney's fees for services rendered in several cases, some of which the plaintiff was interested in, the majority of which, it seems, W. W. Boyd was interested in. And the defendant alleges in his petition that the plaintiff and W. W. Boyd agreed to pay a reasonable attorney fee in each one of the cases. Clearly such a statement is not an account as contemplated by the statutes, such as the allegations concerning which must be denied under oath or the same will be taken as true. This purported account has not only this objection, but it has the fatal objection of being, if the statement is what it is alleged to be in the answer and cross-petition, a joint liability against the plaintiff and W. W. Boyd, which renders it improper as a counterclaim or set-off against the plaintiff. The Exhibit B also has the same objection, as alleged in the answer and cross-petition, of being a joint liability against the plaintiff and W. W. Boyd.

While the plaintiff did not attack these claims by demurrer, she did attack them by interposing an objection to the introduction of evidence to sustain them, which purpose of testing whether or not they were a defense in law against the plaintiff's claim was equivalent to a demurrer. The court committed no error in overruling the defendant's motion to strike the reply of the plaintiff and to render judgment on the pleadings.

4. The defendant contends that the court erred in excluding evidence offered by the defendant and objected to by the plaintiff. The record is not sufficient concerning the action of the trial court for this court to

determine whether or not the trial court committed error in excluding said offered evidence. In order for this court to review the action of the trial court in excluding evidence, the record must show what the offered evidence would be if it had been admitted. This the record does not show. And, further, the evidence, so far as could be gathered from the record, which the defendant offered and the court excluded, was offered to establish allegations of the answer and cross-petition which the court has sustained a demurrer to.

The last contention of the defendant which requires consideration is that the court erred in refusing to give an instruction requested by the defendant. An examination of the evidence shows that the evidence did not justify the giving of the instruction requested.

There being no prejudicial error committed by the trial court, the cause should be affirmed.

By the Court: It is so ordered.