ST. LOUIS, I. M. & S. R. CO. v. LOWREY.

No. 7877—Opinion Filed Oct. 17, 1916.

(160 Pac. 716.)

1. **Motions — Orders — Vacation — Power of Court.**

A court of record has the inherent power of its own motion to set aside, vacate, or modify its order, however conclusive in their character, during the term at which such orders are rendered or entered of record.

2. **Same—Time for Decision.**

Where a motion is made during the term and continued to a future term, when decided, it is the same in legal contemplation as if the decision had been made at the term at which the motion was filed.

3. **Former Decision Overruled.**

The holding in Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99, being in conflict with the weight of modern authorities, is not followed.

4. **Appeal and Error—Presumptions—Ground of Decision.**

When the court in granting an order specifies fully and in detail the reasons for granting the same, it will be presumed that the ground thus stated is the only one upon which the court acts.

5. **Appeal and Error—Review—Scope and Extent—Ground of Decision.**

An order of court, setting aside an order granting a new trial and directing judgment to be entered upon the verdict, upon the grounds that the court was without jurisdiction at the term at which the new trial was granted to set its previous order aside rendered at the same term, overruling the motion for a new trial, was prejudicial error.

(Syllabus by Collier, C.)

Error from District Court, Nowata County; Chas. B. Wilson, Jr., Assigned Judge.

Action by Mary Lowrey against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiff, and de-

fendant brings error. Reversed and remanded, with instructions.

Tillotson & Elliott, Thos. B. Pryor, and W. L. Curtis, for plaintiff in error.

Chase & Campbell and W. J. Campbell, for defendant in error.

Opinion by COLLIER, C. This is an action brought by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter designated as defendant, resulting in a verdict for defendant in error, in the sum of $1,499.50, the said verdict being returned on September 30, 1914. On the 2d day of October, 1914, the defendant filed a motion for new trial, which was heard on the 7th of October and overruled, and judgment ordered entered on the verdict; and on the same day the order of the court, overruling motion for new trial and entering judgment on the verdict, was set aside. On December 28, 1914, motion for new trial was granted, and plaintiff given ten days in which to file amended petition. On January 6, 1915, the plaintiff filed a motion to have judgment entered upon the pleadings, notwithstanding the fact that the court had entered an order granting a new trial. All of said motions and orders were filed and made during the term of said court at which said verdict was returned. At a subsequent term of the court, the prayer of the motion which was filed on January 6, 1915, was by leave of court amended by adding to the prayer of said motion for rehearing cancellation of order of said court made and entered October 7, 1914, which set aside and vacated prior order of said court made and entered on the same day, overruling motion for new trial, and directing judgment to be rendered on verdict, and also for the further relief of the cancellation and vacation of the order of said district court made and entered on the 28th day of December, 1914, granting defendant a new trial. Upon the hearing of said amended motion filed by plaintiff, the following order and journal entry was entered, which, omitting the caption, is in words and figures as follows, to wit:

"Be it remembered that on this 16th day of June, 1915, there came on for hearing the motion of the above-named plaintiff to have the court direct the clerk of this court to enter the judgment of this court, rendered on the 7th day of October, 1914, and to have vacated and set aside the order of court made on the 7th day of October, 1914, setting aside the order on that day made, overruling and denying the motion for a new trial, and directing and ordering judgment on the verdict of the jury in the sum of $1,499.50, the said plaintiff appearing by its attorney of record; and, upon the hearing of said motion filed herein by the plaintiff, the court finds from

the records in this case that on the 30th day of September, 1914, a verdict was returned in this case by the jury after trial thereof, in which verdict the plaintiff was awarded a recovery in the sum of $1,499.50, and that on the 2d day of October, 1914, the defendant duly filed its motion for a new trial, which motion for new trial came on for hearing and was heard by the court on October 7, 1914, and was by the court denied and overruled, and the defendant duly allowed and given an exception, and thereupon the court ordered judgment on the said verdict of the jury in the sum of $1,499.50, and further ordered that the time be extended for a period of 90 days from that date in which the defendant might make and serve casemade, allowing ten days in which amendments might be suggested after said time by plaintiff, and approving that such case-made might be settled by the court upon a notice of five days by either party; that thereafter, and on the same day, the court on its own motion, and without any motion being made by the defendant, and without any showing being made by the defendant, made and entered an order, vacating its former and previous order, denying and overruling the motion for new trial filed by the defendant, and vacated its order previously made, directing entry of judgment upon the verdict of the jury in favor of the plaintiff and against the defendant in the sum of $1,499.50, and reinstating the said motion for a new trial, which the court had previously denied and overruled, and ordered the motion for a new trial to stand for hearing on a later day in the term, and did, on the 28th day of December, 1914, further consider the said motion for a new trial, and did sustain and grant the same, and did order a new trial in this case; and that all of said action of the court was done and orders made after the court had denied and overruled the motion for a new trial filed by the defendant in the first instance, and after judgment had been ordered on the verdict, and after the time had been extended for the making and serving of a case-made; that on January 6, 1915, and within the term of said court, this motion was filed by the plaintiff herein to have said orders vacated and have judgment entered as ordered.

"The court, being fully advised in the premises, concludes that the court was without power to reconsider its former action, and was without power to vacate and set aside its order, denying and overruling the motion of defendant for the new trial and ordering judgment on the verdict for plaintiff in the sum of $1,499.50, when no application, petition, or motion was made by the defendant for that purpose, showing any valid or legal grounds therefor, and that the arbitrary and summary action on the part of the court in vacating and setting aside its former order, denying the motion for a new trial and ordering and directing the entry of judgment on the verdict of the jury in favor of the plaintiff and against the defendant in the sum of

$1,499.50 without any motion, application, or petition therefor, and without any showing or any legal or sufficient reasons and grounds therefore, was without effect, and was coram non judice and without the jurisdiction of the court, and was not legal and binding, but such orders were null and void.

"The court, therefore, doth order, adjudge, and decree the order made on the 7th day of October, 1914, vacating the previous and prior order of the court, denying and overruling the motion for a new trial and ordering judgment on the verdict for plaintiff in the sum of $1,499.50, be, and the same is hereby, vacated and set aside, and the order of this court, made and entered on the 28th day of December, 1914, sustaining and granting the motion of defendant for a new trial herein, be, and the same is hereby, vacated and set aside, and the order of this court in the first instance, made and entered on October 7, 1914, denying and overruling the motion for a new trial filed by the defendant, and directing and ordering judgment on the verdict of the jury for $1,499.50 in favor of the plaintiff and against the defendant, and extending the time in which the defendant may make and serve a case-made, allowing ten days for the suggestion of amendments, and providing for a settlement thereof on a notice of five days by either party, be, and the same is hereby reinstated upon the records of this court in this cause; and the court doth further order that the clerk of this court, pursuant to said order of this court, made on the 7th day of October, 1914, and pursuant to this order, proceed to enter the judgment of the court as directed by the court on the 7th day of October, 1914, in its first order, denying the motion for a new trial herein, and that such judgment be entered as of that date, to wit, October 7, 1914, then and there, then and there been entered as on that date."

To the ruling of the court upon said motion, setting aside the order of the court made and entered December 28, 1914, granting defendants a new trial, and ordering judgment entered on the verdict, in accordance with the amended prayer of plaintiff's motion, filed January 6, 1915, the defendant duly excepted.

Within the statutory time, the defendant filed a motion for a new trial on said motion, which was heard and denied. To reverse the ruling of the court upon said amended motion, filed January 6, 1915, this appeal is prosecuted.

There are many errors assigned, but, as said in defendant's brief, there is presented to this court primarily for consideration but one question: Did the court have such inherent power over its judgments and orders during the term in which they were entered to enable it to, upon its own motion,

or upon representation of counsel, order, modify, or set aside an order formerly made by it in the case? The record discloses that within the statutory period a motion was made by defendant for a new trial, which was heard and overruled on October 7, 1914, and that, on the same day, upon the oral representation that the plaintiff's attorney who had been in attendance during the entire day, awaiting the hearing upon said motion, was absent from the court for a short while, the court reconsidered its action and set aside the order overruling the motion for a new trial. That the court had the inherent right to set aside said order, overruling said motion, cannot be questioned. In Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851, it is held:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court."

The rule announced in Philip Carey Co. v. Vickers has been followed in Parks et. al. v. Haynes, 52 Okla. 63, 152 Pac. 400.

The case of Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99, relied upon by the plaintiff in error, is not in conflict with the holding in this case. The holding in said case of Lookabaugh v. Cooper being based upon the absence of a showing of fraud, unavoidable casualty or misfortune, which is not the case in the instant case. The misfortune which is called to the attention of the court, and thereby invoking the exercise of its power, was the misfortune of plaintiff's attorney being absent from the court when the motion was acted upon. We are, however, of the opinion, that the holding in Lookabaugh v. Cooper, supra, is not sound, and that a court of record of its own motion, without the intervention of a moving cause, invoked by either party to the action, has a right, at a term at which it is rendered, to invoke or amend its order rendered at the same term. Suppose that a motion for a new trial is heard and an authority offered by the movant for a new trial, showing conclusively that the movant is entitled to a new trial, which authority is not combated by the opposing side; that the court, shortly thereafter, recesses the court and looks up the question and finds that the case upon which he acted has been overruled and a contrary ruling adopted, and consequently is convinced that he committed reversible error in granting a new trial. Can it be questioned that the court

has the inherent power, on its own motion, to set aside its previous order and subsequently act upon the motion for a new trial? We do not think that it can be said that the court is without such power; that the only remedy is by appeal to this court.

After the hearing of the motion and the granting of a new trial, on the 6th day of January, 1915, which time is correctly stated in defendant's brief to be at a time subsequent to the term at which the new trial was granted, the plaintiff filed a motion to have judgment entered upon the record, based upon the contention that the court was without jurisdiction to set aside the order made on the 7th day of December, overruling motion for new trial and subsequently making order granting a new trial. The motion of plaintiff, filed January 6, 1915, to enter judgment upon the verdict was amended so as to ask in addition to the entry of judgment upon the verdict to set aside all orders subsequent to the order overruling motion for a new trial, which motion was heard at a term of court subsequent to the one in which judgment was rendered. It is unquestionably the law that if the power of the court is invoked during the term by motion against an order made by the court at such term, such motion, if properly continued, may be heard at a subsequent term of court, and ruling thereon will be the same in legal effect as a ruling made at the term at which the motion was made. It follows that, if the ruling of the court upon said motion as heard on June 16, 1915, was free from error, this cause should be affirmed. In granting the order to enter judgment upon the verdict, it is stated by the court:

"That the court was without power to reconsider its former action and was without power to vacate and set aside its order, denying and overruling the motion of defendant for the new trial and ordering judgment on the verdict for plaintiff in the sum of $1,499.50, when no application, petition, or motion was made by the defendant for the purpose, showing any valid or legal grounds therefor, and that the arbitrary and summary action on the part of the court in vacating and setting aside its former order, denying the motion for a new trial and ordering and directing the entry of judgment on the verdict of the jury in favor of the plaintiff and against the defendant in the sum of $1,499.50, without any motion, application, or petition therefor, and without any showing or any legal or sufficient reasons and grounds therefor, was without effect, and was coram non judice and without the jurisdiction of the court, and was not legal and binding, but such orders were null and void."

In short, the action of the court, in set

ting aside all the orders made in the case subsequent to the order overruling the motion for a new trial and directing the entry of judgment on the verdict, is based alone upon the theory that the action of the trial court in setting aside the order overruling the motion for the new trial was null and void, and this ground is the only ground stated for the action of the court in granting the order to enter judgment upon the verdict and to set aside all orders made by the court in said cause subsequent to the order overruling motion for new trial.

"When the court in granting a new trial specifies fully and in detail the reason upon which the act is based. it will be presumed that the reason thus stated is the only one upon which the court acts." Anderson v. Chrisman, 37 Okla. 73, 130 Pac. 539.

The only ground stated in the order of the court upon which the court set aside all orders in the cause subsequent to the order overruling the motion for new trial and directing the entry of judgment on the verdict. is that the trial court was without authority, at the same term at which the order was made, to set aside its order overruling the motion for new trial. It clearly appears that the order, setting aside all subsequent orders to the order overruling the motion for new trial and directing a judgment upon the verdict, was not a legal ground for such action of the court.

We are of the opinion that it was not necessary that a formal written application be made in order to call the attention of the court to the misfortune shown by the defendant and thus invoke its action. The oral statement of the attorney was sufficient.

The appeal in this case is from the action of the court on the motion filed January 6, 1915, and heard June 16, 1915, ordering judgment to be entered upon the verdict rendered; and we are of the opinion that the court, in ordering the judgment rendered and setting aside all orders of the court subsequent to the order overruling the motion for a new trial, committed prejudicial error.

We are of the opinion that this cause should be reversed and remanded, with instructions to set aside the order, directing that all subsequent orders made in the cause subsequent to the order overruling motion for a new trial, and directing that judgment upon the verdict be entered, be set aside, and that the cause be again tried.

By the Court: It is so ordered: