### SHIELDS, Sheriff, et al. v. COLONIAL TRUST CO.

No. 7754—Opinion Filed Oct. 24, 1916.

(160 Pac. 719.)

**1. New Trial—Nature of Right—Power of Court.**

The district courts of this state have the inherent power upon their own motion to set aside a verdict and grant a new trial on account of prejudicial error, when done at the same term of court at which the verdict was returned or judgment rendered.

**2. Same—Discretion of Court.**

Where such action of the court is had at the time when the verdict is rendered, in the absence of counsel, and it is not shown that counsel did not have an opportunity to be present, and the exceptions of counsel are properly entered and all rights of appeal saved, it does not appear that there has been an abuse of judicial discretion in the entering of such order; and, under such circumstances, unless it can be seen beyond all reasonable doubt that the trial court has manifestly erred with respect to some pure, simple, and unmixed question of law and that, except for such error, the ruling of the trial court would not have been so made, this court will not reverse the ruling of the trial court, granting a new trial.

**3. New Trial—Grounds—Verdict Contrary to Law and Evidence.**

Record examined, and held, that the facts shown are not such as will warrant this court in reversing the order of the trial court granting a new trial.

(Syllabus by Johnson, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the Colonial Trust Company against Ed M. Shields, sheriff, and another. Order granting a new trial after verdict for defendants, and defendants bring error. Affirmed.

Hills & Manatt and Parker & Simons, for plaintiffs in error.

John F. Curran and W. V. Biddison, for defendants in error.

Opinion by JOHNSON, C. This is an appeal from an order of the district court of Garfield county, granting a new trial. On

February 4, 1914, one Corray executed to the Colonial Trust Company, at Tulsa, Okla., a chattel mortgage upon a certain automobile, then located in Tulsa county. Within a few days, Corray removed the mortgaged property to Garfield county. The mortgage was filed of record in Tulsa county on February 5, 1914, but was never filed in Garfield county. In the summer of 1914, after the expiration of 120 days from such removal to Garfield county, attachments were levied against the said mortgaged property in four different suits in the courts of Garfield county, filed by different plaintiffs against the said mortgagor, upon unsecured debts, the said plaintiffs not making the statutory adjustment of the Colonial Trust Company mortgage. The present case was an action in replevin by the Colonial Trust Company against Ed M. Shields, as sheriff of Garfield county, and John Williams, constable, to recover the possession of the attached property under the chattel mortgage of plaintiff. The plaintiffs in the various attachment suits were represented at the trial of this cause. The contentions of the defendants at such trial were that the attached automobile was not identified as the one mortgaged, and that, the mortgage, not having been filed of record in Garfield county within 120 days after the removal of the property to the latter county, the mortgage was void as to the attaching creditors of the mortgagor. The case was tried to a jury, which returned a verdict in favor of defendants, the attaching creditors of the mortgagor, for the return of the property or the value of the property, assessed at $900. When the jury returned its verdict, the attorneys for neither side being present in court, the court of its own motion entered an order, setting aside the verdict and granting a new trial to plaintiff and giving defendants an exception to this order. Later counsel for defendants filed a motion to vacate this order and enter judgment upon the verdict. At the time of overruling this motion, the court made a record showing that the verdict was set aside and a new trial granted, for the reason that in the opinion of the court the verdict was contrary to the law and the evidence, and was brought about by undue influence. No specific acts of undue influence were stated by the court, or appear in the record. Defendants were given exceptions and the usual rights and time for appeal.

Defendants have appealed to this court, alleging that the lower court erred in its order setting aside the verdict and granting a new trial, and in overruling the motions of defendants to vacate such order and to render judgment on the verdict. They contend that the order setting aside the verdict and granting a new trial, upon the court's own motion and in the absence of counsel, was an abuse of judicial discretion. It has been repeatedly held by this court that:

"Courts of general common-law jurisdiction have the inherent power, upon their own motion, to set aside a verdict and grant a new trial on account of prejudicial error, when done at the same term of court at which the verdict was returned or judgment rendered; and the power will not be deemed to have been taken away by statute, unless intent to do so is clear." Todd v. Orr, 44 Okla. 459, 154 Pac. 393; Barker v. National Oil & Development Co., 49 Okla. 782, 154 Pac. 518; St. Louis, I. M. & S. R. Co. v. Lowrey, 61 Okla. 126, 160 Pac. 716.

These cases hold that the power mentioned in the quoted excerpt exists in the district courts of this state, and has not been affected by statute.

It is also the established rule in this jurisdiction that:

"The Supreme Court will not reverse the ruling of the trial court granting a new trial, unless it can be seen, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial." Jacobs v. City of Perry, 29 Okla. 743, 119 Pac. 243; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 Pac. 982; Sharp v. Choctaw R. & Lighting Co., 34 Okla. 730, 126 Pac. 1025.

Following this rule to its logical conclusion, this court has further said:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not, in all probability, obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them." Hughes v. C., R. I. & P. R., 35 Okla. 482, 130 Pac. 591.

Under these rules the power of the lower court is clear, and the extent to which this court will go in reviewing the same is no less so.

Plaintiffs in error contend that not alone was there plainly error in the making of the orders complained of, but that it was an

abuse of judicial discretion for the court to set aside the verdict and grant the new trial, of its own motion, immediately upon the return of the verdict, and in the absence of counsel. They predicate their assertion of abuse of judicial discretion largely upon the statement in the brief that throughout the trial the lower court displayed prejudice against the defendants, and in support of the contention that legally it was an abuse of discretion to make the order in the absence of counsel quote from Todd v. Orr, supra, where the court, in announcing the power of the lower court to set aside a verdict upon its own motion, said:

"The extraordinary power thus recognized to exist should be exercised sparingly, and, we may add, upon due notice to the parties, or at the time when the verdict is rendered. This, that the losing litigant may have timely opportunity to except, and, if desirous, appeal from the court's action."

The order setting aside the verdict was entered at the time of the return of the verdict. Counsel could have been present. It was their duty to be present. The lower court seems to have been extremely fair in protecting their rights in their absence. They were given the exception they would have received if present. The matter was later fully presented. They were given their full rights of appeal. Under these circumstances we find no prejudicial error against the trial court.

In view of the charge of prejudice and abuse of discretion by the lower court, in fairness to the lower court, as well as to the parties, we have examined the entire record with extreme care, and fail to find in the record of the trial anything tending to indicate a display by the trial judge of bias or prejudice toward either of the parties, or any act or word of the court inconsistent with strict judicial impartiality between the parties. His rulings, in the trial procedure, were probably more often against the plaintiffs than against the defendants, and no word gave any shadow of partiality to these rulings. At a hearing before the court, after the discharge of the jury, in stating his attitude for the record, the trial judge said:

"The court set aside the verdict in this case: First, because it is contrary to the evidence; second, because it is contrary to the law of the case, and contrary to the instructions of the court. Further, the court was of the opinion, and was in possession of sufficient information to convince the court, that the jury had been unduly influenced by the parties in interest, and at that time I was, and am now, of the opinion that this verdict was hammered and whipped out of the jury. It is not in accordance with the law. It is not in accordance with good government. I regard it as a verdict that was obtained under force, duress, and misrepresentations, and it was the duty of the court to set it aside, and set it aside instantly. The attorneys for the defendants could have been present, if they so desired. The attorneys did come, or some of them did come, into this courtroom within 10 or 15 minutes after the verdict was rendered. The court saw them here himself, and there is nothing to all of this talk about not having an opportunity to be present at the time the verdict was returned by the jury and set aside by the court. It is a miscarriage of justice. It was the duty of the court to not permit anything of that kind in his presence, when he knew that this undue influence was being exercised all of the time."

When requested by counsel for defendants, the court declined to state into the record his grounds for his belief that the verdict was the result of undue influence. The trial judge saw the trial, the play of the personal magnetism of the attorneys and its influence upon the emotions and prejudices of the jury, as well as the other occurrences in the court never caught by the reporter's pencil; and he passed judgment upon these things. We will not say that this judgment displayed prejudice, or was error, if there was not error in the essential effect of it. In the language of this court in Hughes v. C., R. I. & P. R., supra:

"It might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them."

We have read the record carefully. With only the written record before us, and even without the intimacy that the lower court had with the actual trial proceedings, it appears to us that the lower court was amply justified in his assumption that the jury had violated its instructions, and that the verdict was contrary to the evidence and to the instructions of the court, which were not excepted to and became the law of the trial. An officer of the mortgagee company, the plaintiff, positively identified the automobile in controversy as the mortgaged machine, and other evidence supported him. The rebutting evidence, offered by defendants, did not controvert this, except to show that the factory number, testified by plaintiff's witnesses to have been on the machine at the time the mortgage was executed, was not on it at the time of the attachments, and showed that at the time last mentioned no factory number was on the machine, and that at one time a representative of plaintiff was looking for a six-cylinder car and not for a four-

cylinder car, the machine in question being a four-cylinder one. The court instructed the jury that the record of the mortgage in Tulsa county, it not having been recorded in Garfield county, was sufficient, if the indebtedness which was the subject-matter of the attachments accrued within 120 days after the removal of the car to Garfield county, and that under such circumstances the attachments would not hold the property unless the statutory adjustment of the rights of the mortgagee had been made by the attaching plaintiffs, if the attached automobile was the property mortgaged. There was evidence for plaintiff upon both issues. In fact the evidence was fairly preponderant in favor of plaintiff, if not conclusive. The jury assessed the value of the automobile at $900, and there was evidence of that value. We do not weigh this evidence for the purpose of determining the ultimate strength of the proof, but to find the ground, if any, upon which the trial judge stood, in his orders upon the verdict and subsequent motions, whether he may have allowed any prejudice or bias to have interfered with, or cause him to abuse, the discretion vested in him by law. We are unable to find any reasonable inference or prejudice in the record, or that the court, in granting the new trial, erred with respect to any question of law. The verdict must have been such as to have satisfied his conscience. There was reasonable ground for the assumption by the trial court that the plaintiff had not, in all probability, obtained or received substantial justice.

The orders of the lower court, granting the new trial, and overruling the motions to vacate such order and render judgment on the verdict, are affirmed.

By the Court: It is so ordered.