## WOODARD v. SANDERSON.

No. 10202—Opinion Filed Oct. 11, 1921.

(Syllabus.)

**1. New Trial—Grounds—Smallness of Damages—Statute.**

Section 5043, Rev. Laws 1910, which provides that a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained, denies the right to grant a new trial in the kind of actions therein named on account of the smallness of the damages awarded.

**2. Appeal and Error—Harmless Error—Statute.**

Section 6005, Rev. Laws 1910, provides: "No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

**3. Same—Conduct of Jury—Communication with Judge.**

After a careful examination of the entire record, held that, in the opinion of the court, it does not appear that the errors complained of in the second assignment of error probably resulted in a miscarriage of justice, or constitute a substantial violation of a constitutional or statutory right.

**4. Same—Necessity for Prejudicial Error.**

While it is undoubtedly true that no communication whatever affecting the decision of the cause ought to take place between the judge and the jury after the cause has been presented to them unless in open court in the manner prescribed by the statute, it is also true that is is not every irregularity which will render the verdict void, and warrant setting it aside. This, as we have seen, depends upon another and additional consideration namely, whether the irregularity is of such a nature as to affect the impartiality, purity, and regularity of the verdict itself.

Error from District Court Tulsa County: N. E. McNeill. Judge.

Action by Jno. R. Woodard against Chas. A. Sanderson for damages. Judgment for plaintiff for $1, and he brings error. Affirmed.

William F. Tucker and Hulette F. Aby, for plaintiff in error.

George E. Reeves, for defendant in error.

KANE. J. This was an action to recover damages for malicious assault and battery, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. Hereafter the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition prayed for damages in the sum of $25,000. The answer was a general denial and allegations to the effect that the injuries received by the plaintiff, if any, were inflicted by the defendant in repelling an attack upon him by the plaintiff, and that in repelling such attack he used no more force than was necessary to restrain the plaintiff from committing and continuing an assault upon him. The reply was a general denial of the new matter alleged in the answer. Upon trial to a jury there was a verdict for the plaintiff in the sum of $1 and costs, to reverse which this proceeding was commenced by the plaintiff.

There are two grounds for reversal argued by counsel for plaintiff in their brief: First, the smallness of the damages awarded by the verdict; and, second, misconduct of the jury.

The first ground for reversal has been decided adversely to the contention of counsel for plaintiff in error in Missouri, K. & T. Ry Co. v. Lindsey, 82 Okla. 165, 198 Pac. 1000. In that case an appeal was taken by the defendant from the action of the trial court in granting a new trial upon the sole ground that the damages awarded by the verdict were too small. The court, after reviewing the authorities, and particularly the case of Metropolitan Street Ry. Co. v. O'Neill, 68 Kan. 252, 74 Pac. 1105, reached the conclusion that section 5043, Rev. Laws 1910, which provides that a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained, denies the right to grant a new trial in the kind of action therein named on account of the smallness of the damages awarded, and to grant one is error.

While it is true that because the question was briefed only on one side in that case the court contented itself with reversing the judgment under a rule of court, after reconsidering the question in the case at bar, where it is fully and ably briefed on both sides by eminent counsel, we are convinced that the conclusion reached in the former case is correct and is supported by the great weight of authority.

The second ground for reversal is stated by counsel in their brief as follows:

"Where one juror, at the request of the jury, absents himself from the jury and jury room and returns to the court room and holds a whispered conference with the judge who tried the case, in which the judge is advised that the jury is not agreed, and how the jury stands, and such juror asks for and receives certain instructions with reference to the law or the deliberations of the jury, all without the knowledge of the plaintiff or his attorneys, the instruction not being given in writing or preserved, and such juror thereupon returning to the jury room and jury, and delivering what he says were the instructions given him by the court, the plaintiff has not had a trial by jury as proviedd for by the laws of the state of Oklahoma, and is entitled to a new trial."

The precise facts upon which this assignment of error is predicated may be briefly summarized as follows: After the trial was completed the jury retired in charge of a bailiff for deliberation. After several ballots had been taken the foreman of the jury asked the bailiff to take them before the court, which was then in session in the trial of another case. In pursuance of this request the bailiff locked the remaining jurymen in the jury room and accompanied the foreman into court, where the following transpired, according to the testimony of the foreman, which was not disputed:

"Q. State what the conversation was with Judge McNeill?

"A. Why, if I remember right, I asked— we had balloted a time or two, and it was a tie and it kept coming out the same thing and no change. I think I asked Judge McNeill if I would have to make a hung jury and he requested that I go back and see if we couldn't render a verdict of some kind. That is my best remembrance of it. I never talked about anything.

"Q. Judge McNeill didn't tell you to find a verdict in favor of either party?

"A. No, he kind of smiled and asked me to go back and bring in a verdict; he would rather we would bring in a verdict, but he never hinted at such a thing.

"Q. What did you tell the jury when you got back?

"A. Just exactly what he told us.

"Q. State what you said to the jury?

"A. I went back; I just reported exactly what the judge told us that he would a heap rather we would try to come to a decision one way or the other. That was just exactly the words, and then everything was silent for a quarter of an hour, I reckon."

It is contended, first, that the foreman violated the law in separating himself from the jury; second, that he again violated the law in discussing the case with the court and receiving instructions in reference to the case upon any phase thereof, either of law or fact, whether material or immaterial; third, the law was again violated in transmitting the instructions, or his interpretation of them, to the jury for their consideration and action.

The statutes relied upon to support these various contentions, sections 5005-5007, Rev. Laws 1910, provide, respectively, that when the jury retires they must be kept together until they agree upon a verdict or are discharged by the court, subject to the discretion of the court to permit them to separate temporarily at night, and at their meals; and that after the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, etc. It is conceded that these sections of the statute were not strictly followed, but counsel for defendant say that errors of this sort cannot work a reversal of the judgment unless it appears that the rights of the complaining party have been prejudiced thereby. There can be no doubt of the correctness of this proposition.

Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made. after an examination of the entire record. it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

The assignment of error now under consideration clearly comes under the purview of this section, and by the provisions of this section we are precluded from granting a new trial or setting aside the judgment, unless, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. It would be an unprofitable and a tedious task to undertake to review the many cases wherein under various circumstances this section of the statute has been applied by the appellate courts of the state in upholding judgments of the trial courts where the errors complained of related solely to some matter of pleading or practice. While we

are unable to recall a case where the circumstances were precisely the same as in the case at bar, the following seem to us to be closely in point by analogy:

In Shivers v. State, 13 Okla. 466, 74 Pac. 899, it was contended that there was an unauthorized separation of the jurors after they had retired for deliberation. The Supreme Court in overruling this contention held:

"It is not every technical separation of a jury during deliberation that will vitiate their verdict. In order to warrant the court in setting aside a verdict of conviction on account of the separation of the jury 'without leave of court after retiring to deliberate on their verdict,' it must appear that there was such a separation as that the rights of the defendant might have been prejudiced thereby."

In the case of Carter v. State, 6 Okla. Cr. 232, 154 Pac. 337, the facts are sufficiently stated in the following excerpts from opinion. It was held:

"The fact that the trial judge went to the court room, where the jury were deliberating, and cautioned the bailiffs against permitting the jury to separate, and the jury that they would speak to nobody either concerning the case or on any other subject, and that they must keep themselves together as a body of jurors, and not communicate to the outside world, except through their bailiffs, or by permission of the court; that this was in the absence of the defendant and his counsel, and was not in open court, is no ground for reversal, where it affirmatively appears that the judge did not speak about the case, and that it was not discussed or referred to by him."

So the question for decision, in its last analysis, is not so much, Was there error? as, Did the error complained of probably result in a miscarriage of justice? The jury, as we have seen, found in favor of the plaintiff, and of course this action is not complained of. The only ground of complaint in this respect is that the verdict was too small, and this, as we have seen, is not a ground for granting a new trial. In the case at bar we know precisely what occurred and we are wholly unable to perceive how either the action of the foreman in temporarily leaving his fellows locked in the jury room or the action of the court could possibly have had any influence upon the jury in fixing the amount of recovery. While it is undoubtedly true that no communication whatever affecting the decision of the cause ought to take place between the judge and the jury after the cause has been presented to them, unless in open court in the

manner prescribed by the statute, it is also true that it is not every irregularity which will render the verdict void, and warrant setting it aside. This, as we have seen, depends upon another and additional consideration, namely, whether the irregularity is of such a nature as to affect the impartiality, purity, and regularity of the verdict itself.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur. MILLER, J., concurs in all the principles of law announced, except the conclusion that it does not appear from the record that the error complained of in the second assignment of error probably resulted in a miscarriage of justice, from which he dissents.