## MURRAY v. DECKER et al.

No. 17861. Opinion Filed May 1, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

### New Trial—New Trial for Smallness of Verdict for Damages Prevented by Statute.

Section 573, C. O. S. 1921, which provides that a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained, denies the right to grant a new trial in the kind of actions therein named on account of the smallness of the damages awarded.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Corrine W. Murray against Irma Decker and E. O. Decker for damages. Judgment for plaintiff for $1, motion for new trial overruled, and plaintiff appeals. Affirmed.

Woodard & Westhafer, for plaintiff in error.

Green & Farmer, for defendants in error.

TEEHEE, C. In an action in tort, Corrine

W. Murray, plaintiff in error and plaintiff below, by a jury verdict, recovered a judgment of $1 and the costs in the case against the defendants, Irma Decker and her husband, E. O. Decker. The basis of the suit was certain personal injuries suffered by plaintiff through the collision of an automobile owned by defendant E. O. Decker, alleged to have been negligently driven by the defendant Irma Decker, with an automobile driven by plaintiff on a public highway in Tulsa county, in which collision plaintiff also alleged that she was not at fault. Defendants answered by general denial, and interposed a further defense of contributory negligence.

There was a sharp conflict in the evidence upon the question of negligence in the operation of the automobiles by the respective drivers thereof at the time of the collision, each asserting the negligence of the other as the direct and proximate cause of the injuries suffered by plaintiff, with supporting testimony of other witnesses.

Under proper and fair instructions of the court, the jury, by unanimous verdict, found in favor of the plaintiff and fixed the damage in the amount stated. By force of the verdict, under stipulation between the parties, the court was authorized to render judgment for the plaintiff and her husband, the owner of the automobile driven by plaintiff, in a separate action consolidated with and heard at the trial of the cause in hand, for the sum of $196.25 as property damage to plaintiff's automobile. On account of the sharp conflict in the evidence, the verdict of the jury might properly have been for either party.

Plaintiff complains of the judgment in this cause on the general ground that the trial court abused its legal discretion in refusing to grant plaintiff a new trial. Thereunder it is urged that the court was not satisfied with the verdict; that the verdict was not the result of the deliberation of a fair and impartial jury; and that the verdict was contrary to and inconsistent with the evidence and the law in the case. In the state of the case, the verdict of the jury being for $1 and in favor of the appellant, the points thus urged for a reversal of the judgment, under the burden of plaintiff's argument in support thereof, are resolved into a challenge of the judgment on account of the smallness of the damages awarded.

By section 573, C. O. S. 1921, it is provided:

"A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

This court in Woodard v. Sanderson, 83 Okla. 173, 201 Pac. 361, wherein was involved a like verdict in a personal injury action, as here, by paragraph 1 of the syllabus, held as follows:

"Section 5043, Rev. Laws 1910 (the same now being 573, C. O. S. 1921), which provides that a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained, denies the right to grant a new trial in the kind of actions therein named on account of the smallness of the damages awarded."

The cause in hand being a personal injury action, the rule thus laid down, which follows the statute, is here controlling and decisive thereof. Accordingly, the judgment of the trial court is affirmed.

BENNETT, LEACH, FOSTER, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.