## DURBIN et al. v. MARTIN FLEMING UNDERTAKING CO. et al.

No. 18784. Opinion Filed Nov. 26, 1929.

Rehearing Denied March 4, 1930.

Davidson & Williams, for plaintiffs in error.

Hagan & Gavin, Ford & Montgomery, and Donald Prentice, for defendants in error.

HEFNER, J. S. B. Durbin and Margaret Durbin, as plaintiffs, brought this action against Martin Fleming Undertaking Company, Ellen T. Fleming, and F. J. Brandenburg, as defendants, to recover damages resulting to the plaintiffs because of the death of their son, Donald Durbin.

The defendant F. J. Brandenburg was driving a truck to return some chairs borrowed from the Martin Fleming Undertaking Company which had been used at a church picnic. Four boy scouts, one of whom was Donald Durbin, had been directed by the scout commissioner at the picnic grounds to accompany the defendant Brandenburg and assist him in loading and unloading the chairs. Bradenburg drove to the place of business of the defendant Martin Fleming Undertaking Company for the purpose of delivering the chairs, but on arriving there was instructed to take them a short distance to a garage and store room. On arriving at the undertaking establishment the boys all got off of the truck and Brandenburg, after receiving the instructions to take the chairs to the store room, instructed the boys to walk around the corner to the garage and store room for the purpose of assisting him in unloading the chairs. Three of the boys started toward the garage, but the deceased did not do so. The truck, in some manner, came in contact with a pillar, or post, on the premises of the undertaking company and the pillar was pulled over upon the deceased and he was killed.

Over the objection of plaintiffs the trial court permitted the defendants to prove the existence throughout the city of other and similar obstructions of the nature of the pillar which fell upon the deceased. The court instructed the jury that this evidence was not admitted as an absolute excuse for the acts or omissions of the defendants, or any of them, and even though the jury found that there were similar obstructions of the nature of the pillar in question, that fact would not excuse the acts or omissions of the defendants. The jury found the issues as to liability in favor of the plaintiffs and assessed the amount of damages against the defendants in the sum of $1,000. The plaintiffs were not satisfied with the amount of recovery and filed their motion for new trial, which was overruled, and the case has been brought here by the plaintiffs for review.

As grounds for reversal the plaintiffs urge that the trial court erred in admitting the evidence as outlined above, and in giving and refusing to give certain instructions. The plaintiffs' requested instruction as to the measure of damages was given to the jury.

It is urged by the defendants that, the jury having found the issues as to negligence in favor of the plaintiffs, all alleged errors with reference to the admission of evidence and instructions to the jury were rendered harmless. It is contended that the plaintiffs were awarded everything they asked for, except the amount of damages, and that no complaint is made of the instruction of the court as to the measure of damages, and that none could be made, because the plaintiffs' requested instruction on the measure of damages was given by the court.

It is further contended that the plaintiffs have brought themselves within the rule announced in the case of Henry v. Morris & Co., 42 Okla. 13, 140 Pac. 413, where this court said:

"While, under the peculiar circumstances

54

of this case, we think we might properly hold that the actions of the court in the admission of the testimony complained of, and giving of the instructions complained of, if erroneous, were harmless for the reason that plaintiff obtained a verdict in his favor and got everything he asked for except the amount of damages he claimed, and no complaint is made of the instructions of the court as to the measure of damages, yet, from its character under the circumstances, we feel it proper to hold that no error was committed in the admission of the testimony complained of."

Without passing upon the question as to whether or not the evidence was admissible, incompetent evidence, to work a reversal of the judgment, must be shown to have been prejudicial to the complaining party.

In Carrington v. Louisville & N. R. Co., 88 Ala. 472, 6 So. 910, the facts were that the plaintiff's intestate had been killed and an action had been brought against railroad company for wrongful death. The jury found the issues against the railroad company and fixed the amount of recovery in the sum of $500. The plaintiff, being dissatisfied with the amount of recovery, appealed, and on review of the case the Alabama court said:

"In an action against a railroad company for personal injuries, after verdict for plaintiff, no ruling bearing merely on the question of defendant's liability, and not affecting the amount of damages recovered, will be considered reversible error."

The Supreme Court of Nebraska, in the case of Blakely v. Omaha & C. B. St. Ry. Co., 94 Neb. 119, 142 N. W. 525, had a similar question before it. In that case the jury found that the defendant had been negligent and fixed plaintiff's recovery at $305. The plaintiff appealed on the theory that the recovery was inadequate. On review the court said:

"In an action for damages for personal injuries, if the verdict is for the plaintiff, only those errors will be considered on plaintiff's appeal which might affect the measure of damages."

We think the evidence complained of in the case at bar went to the liability of the defendants on the ground of negligence. The trial court correctly charged the jury as to the measure of damages and admitted all the evidence offered on the question. If there was any error in the admission of the evidence complained of, it was cured by the verdict of the jury.

The plaintiffs also complain of certain instructions given by the trial court, and also of certain of their requested instructions which the court refused to give. These instructions all went to the question of liability, and not to the question of measure of damages. The question of liability having been determined in favor of plaintiffs, they cannot secure a reversal of the judgment for alleged erroneous instructions on questions which were answered in their favor by the jury.

The judgment of the trial court is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, CULLISON, and ANDREWS, JJ., concur.