### CLEMENTS v. CANON et al.

No. 23653.   Jan. 22, 1935.

W. P. Morrison, A. L. Morrison, and John Morrison, for plaintiff in error.

S. T. Roberson, J. A. Rinehart, and Gus Rinehart, for defendant in error.

PER CURIAM. This is an action for the recovery of damages for the unlawful arrest and imprisonment of the plaintiff by the defendant Pressley C. Canon, sheriff of Canadian county, on a charge of murder in connection with the death of one Dick Lively. The first arrest was on August 16, 1931, the morning after the homicide, and plaintiff was detained in the county jail for several hours and then released. The second arrest was on August 20, 1931, in the afternoon, and the plaintiff was detained in jail until about nine o'clock the following morning. The petition contains one cause of action, in which plaintiff asks damages for the arrest and imprisonment on both occasions. The United States Fidelity & Guaranty Company, as surety on the official bond of said sheriff, was also sued as a defendant.

The cause was tried to a jury. The court instructed the jury that the first arrest was without probable cause, and that their verdict should be for the plaintiff for actual damages sustained by that arrest and imprisonment, but submitted to the jury the question as to whether the second arrest was without probable cause and as to whether the sheriff held the plaintiff an unreasonable length of time after the second arrest without taking her before a magistrate. The jury returned a verdict for the plaintiff and assessed the amount of her recovery at one dollar. From an order overruling a motion for new trial, the plaintiff appeals.

1. The plaintiff contends that the court should have decided as a matter of law that the detention of the plaintiff after the second arrest was for an unreasonable length of time and constituted false imprisonment, instead of leaving that question to the jury.

There was some conflict in the evidence as to the time of detention and as to what the sheriff did during that time. The plaintiff testified that she was arrested between 1:30. and 2 o'clock in the afternoon; while the sheriff testified that it was between 3 and 3:15. The plaintiff testified that as soon as she was put in jail she asked the sheriff to call her attorney, and that he replied, "No, not this time, you don't," but that when he shut her up that night he finally agreed to call her attorney; while the sheriff testified that about 4 o'clock she asked him to call her attorney, and that shortly thereafter he went to the office of her attorney, and the stenographer told him he had gone to the courthouse, and that he thereupon returned to the courthouse and

342

her attorney was engaged in the trial of a case, and he had to wait until about 5 o'clock before he could notify her attorney. The office of the magistrate closed at 5 o'clock. The next morning about 9 o'clock, when the county attorney appeared at his office, the plaintiff was taken before the county attorney and shortly thereafter released.

Section 2765, Okla. Stats. 1931, provides as follows:

"The defendant must in all cases be taken before the magistrate without unnecessary delay."

Under this statute, and in the light of the foregoing facts, we think the court properly submitted the question to the jury as to whether the sheriff failed to take the plaintiff before the magistrate without unnecessary delay. 25 C. J. 493, 550; Evans v. Jorgenson (Minn.) 234 N. W. 292; Strongberg v. Hansen (Minn.) 225 N. W. 148; Schoette v. Drake (Wis.) 120 N. W. 393; Jacques v. Childs Dining Hall Co. (Mass.) 138 N. E. 843, 26 A. L. R. 1329.

In 25 C. J. 493, it is said:

"What is a reasonable time depends upon the facts of each case. Prolonged detention must, however, be considered with regard, among other things, to such matters as judicial accessibility, and facilities, the unavoidable duties of the officer making the arrest, the intervention of Sunday, or a holiday, the intoxication, or mental condition of the person detained."

In 25 C. J. at page 550, it is said:

"The reasonableness of a plaintiff's detention, where there is no conflict in the evidence as to length of time and the circumstances under which plaintiff was held, is a question for the court. Where the facts are in dispute, it is for the jury, under proper instructions by the court, to determine as to the reasonableness of the detention."

2. The plaintiff next contends that the court should have found as a matter of law that there was no probable cause for the second arrest and detention of the plaintiff, and that it committed error in submitting that question to the jury for the following reasons: First, because the detention was for an unreasonable length of time, which made the arrest illegal irrespective of probable cause at the time of the arrest; and, second, because there was no evidence to show that reasonable grounds existed to believe the plaintiff guilty of the homicide.

We have disposed of the first contention adversely to the plaintiff. The second con-

tention makes it necessary to review the evidence on which the sheriff made the second arrest, the substance of which is as follows:

The body was found about 75 or 80 steps from the home of the plaintiff; there were marks on the head indicating that it had been struck with some blunt instrument; a heavy iron bolt was found in plaintiff's yard, and the indications were that it had recently been thrown there with some force; threads on the bolt corresponded with marks where deceased had been struck on the head; deceased had slept several nights on a bed in plaintiff's yard, about five steps from her door, and it had been recently moved off some planks on which the legs had rested, and some of the slats had been recently broken, and there were several foot-prints around the bed, which showed about the same freshness as the indentations in the earth caused by the bolt being thrown, and there were indications that something had been dragged from the bed; a quilt was on the bed, which was stained with blood, and a corner of the quilt near the blood stains had been freshly burned and then wet with water; there were doors and windows on the side of plaintiff's house near the bed; Dick Kelley, son of plaintiff, and the deceased left a dance together just before midnight before the body was found, and were seen going towards plaintiff's home; Kelley later returned to the dance and told a boy that he had taken deceased home, and that they had an argument and he had to knock deceased on the ear; the sheriff was advised that a conversation had been overheard between two railroad employees in which it was stated that plaintiff was the one who had wielded the blow that killed deceased; immediately after the body was found, plaintiff denied knowing deceased; plaintiff had done washing for deceased; on the night before the body was found, deceased had passed through plaintiff's yard and told her he was going to the dance.

There was some conflict in the testimony of the plaintiff and her witnesses and that of the defendants and their witnesses, as to the material facts in the case.

The sheriff testified that at the time of the second arrest he believed that the plaintiff was implicated in the killing, and based his belief on the facts he had learned in the course of his investigation, and for that reason made the arrest.

Section 2780, O. S. 1931, authorizes a

peace officer to make an arrest without a warrant:

"Third. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

In view of the foregoing facts on which the sheriff acted in making the second arrest, and in view of the conflict in the testimony, we do not think the court would have been justified in holding as a matter of law that there was no probable cause for the second arrest. The court properly submitted that question to the jury. 2 R. C. L. 450; 5 C. J. 410; Gooding v. McAlister (Cal.) 299 P. 774.

3. The plaintiff next contends that the court committed error in instructing as to the burden of proof.

The court, in instruction No. 5, told the jury that the burden was on the plaintiff to prove the material allegations of her petition by a preponderance of the evidence, and that the burden was upon the defendants to prove the affirmative allegations of their answers by a preponderance of the evidence.

In her petition the plaintiff alleged that the second arrest was without probable cause. In his answer the sheriff alleged in detail the facts on which he acted in making the second arrest, and alleged that he had probable cause for believing the plaintiff guilty of killing the deceased.

In instruction No. 14½, the court told the jury that if the sheriff failed to take the plaintiff before a magistrate without unnecessary delay, then the burden was on the sheriff to justify the second arrest by showing that he had reasonable grounds for believing the plaintiff guilty of the offense charged. No exception was saved by the plaintiff to this instruction.

It is generally held that the burden is on the officer arresting without a warrant to establish that he had probable cause. 25 C. J. 538. If the plaintiff had not, in her petition, alleged want of probable cause, instruction No. 5 would clearly cast the burden on the defendant to establish probable cause. There is respectable authority to the effect that where the plaintiff alleges want of probable cause, he has the burden of proving it. 25 C. J. 532. We are not inclined to follow this rule. How-

ever, since the verdict was for the plaintiff, we cannot say that the jury was misled by the instructions on the burden of proof.

4. The plaintiff next contends that the verdict of $1 is inadequate, showing that the errors complained of were prejudicial.

The only evidence of the damages sustained is that the plaintiff was placed in jail two times, and that she was separated from her family, and on the occasion of the first arrest was placed in a different cell from that of her husband; that her children were not allowed to see her when they first came to the jail; that the jail had an odor peculiar to all jails; that she was finger-printed and a copy of the finger-prints was sent to Oklahoma City and the National Bureau at Washington; and she claims to have suffered a shock to her nervous system, but there was no expert evidence on that point.

Section 399, Okla. Stats. 1931, provides:

"A new trial shall not be granted on account of the smallness of the damages in an action for an injury to the person or reputation, nor in any other action where the damage shall equal the actual pecuniary injury sustained."

Under this law the verdict cannot be set aside because it is for a nominal sum. Woodard v. Sanderson, 83 Okla. 173, 201 P. 361; Murray v. Decker, 132 Okla. 188, 270 P. 38; M., K. & T. Railroad Co. v. Lindsay, 82 Okla. 165, 198 P. 1000.

The jury returned a general verdict for the plaintiff. They had before them the circumstances of both the first and the second arrest and imprisonment. There is nothing to indicate that they did not find that both the first and second arrest and detention were illegal. The fact that the verdict is for a nominal sum does not tend to establish that the jury was misled as to the burden of proof on the question of probable cause, or that the second detention was not for an unreasonable length of time, or that the sheriff did have probable cause for making the second arrest.

Judgment affirmed.

The Supreme Court acknowledges the aid of District Judge Thurman S. Hurst, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.