## ALEXANDER v. ALEXANDER.

No. 27042.    Jan. 26, 1937.

Rehearing Denied April 20, 1937.

Williams & French, for plaintiff in error

W. I. Williams, for defendant in error.

PER CURIAM. This case was tried to a jury in the district court of Tulsa county. It was a suit for damages for personal injuries sustained in an automobile accident. Andrew Alexander was plaintiff in the trial court against his brother, Ferguson Alexander, defendant, in the trial court. The accident occurred on the night of December 18, 1934, on the paved highway between Tulsa and Bartlesville. It was a stormy, wintry night with snow blowing and collecting on the windshield. The car was owned and driven by plaintiff in error, and the defendant in error was riding with him solely as an invitee. A wrecker partly obstructed the highway at a bridge, and was engaged in removing a previous wreck. The plaintiff in error, although strenuous efforts were made to stop him, drove his car at a high speed into the wrecker. His brother, Andrew Alexander, was thrown through the windshield and sustained extremely painful and serious injuries and expended $170 for medical services. The brother, Andrew Alexander, brought suit for $10,000 for his injuries and $170 for doctor and medical bills. The jury found for the plaintiff, Andrew Alexander, in the sum of $300.

A motion for new trial was filed by the plaintiff, alleging a number of grounds, but he did not allege, as one of the grounds, that the plaintiff did not receive a fair trial. After hearing the arguments on the motion for new trial, the court sustained the motion.

From the order granting the new trial, the defendant has appealed to this court. The plaintiff in the court below is defend-

ant in error in this court and the defendant in the court below is plaintiff in error in this court.

Only one specification of error is assigned:

"The court erred in sustaining the motion of the defendant in error for a new trial."

There is consequently but one question for the court to decide, and that is whether or not the trial court exercised abuse of judicial discretion in granting a new trial.

The record shows that when the motion was sustained the following took place:

"The Court: Let the record show that the motion for new trial is sustained. Mr. French: To which the defendant excepts and gives notice in open court of his intention to appeal to the Supreme Court of the state of Oklahoma, and asks the court to direct the clerk to make the proper record on the proper docket, and asks the court to state the reasons upon which he sustains the motion for new trial. The Court: I am sustaining this motion because in my judgment, upon this record, the plaintiff did not receive a fair trial. Mr. French: We ask your Honor to be more specific as to the exact point upon which the trial was unfair. The Court: Well, there isn't anything much more specific than that. I feel that the facts as were developed upon the voir dire examination of the jury and the conduct of the jury in the case, and the evidence in the case, the case perhaps could have been decided either way, but in the manner it was decided, I am convinced that they did not give the plaintiff a fair trial. Mr. French: Is your Honor basing that on the insufficiency of the award? The Court: No, sir, not on the insufficiency. I think that any judge that reads the record will know what I am talking about. It just wasn't a fair trial, in other words. Mr. W. I. Williams: There never was a more farcical trial. The Court: That is my point. I know the lawyer that loses a case expects you to overrule the motion for a new trial and the lawyer that wins it expects you to overrule it, but I try to sustain those that I think ought to be sustained, even though no one agrees with me except the attorney that is winning at the time. That is the ruling of the court."

A district court is vested with judicial discretion in order that justice may be done to the litigants in a case. When the court is convinced that justice has not been done, and that either party to the action has not had a fair trial, it is not only the court's privilege, but its solemn duty, in the interests of justice, to grant a new trial. The power to grant new trials is in its inception a common-law right inherent in all courts of general common-law jurisdiction.

"The trial court should set aside the verdict of a jury unless it is satisfied that substantial justice has been done." Linderman v. Nolan, 16 Okla. 352, 355, 83 P. 796, 797.

The courts have uniformly held that the trial court has a wide latitude for its action in the matter of granting new trials.

This court said in Trower v. Roberts, 17 Okla. 641, 89 P. 1113, and also in Wilson v. Central State Bank, 92 Okla. 234, 218 P. 1061:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not probably had a reasonably fair trial, and has not in all probability obtained or received substantial justice. * * *"

The same rule is announced in McGhee v. Hurst, 91 Okla. 258, 217 P. 368.

Even a failure of the record itself to show a reason therefor is not sufficient to show abuse of discretion, but the record must affirmatively show that an abuse of discretion was exercised. This rule is set out in the same case of Trower v. Roberts, above cited, and followed in the case of McGhee v. Hurst, cited above, and in the following language:

"The Supreme Court will not reverse the order of the trial court granting a new trial, unless the Supreme Court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the ruling of the trial court would not have been made, as it was made, and that it ought not to have been so made."

"Where the evidence is conflicting upon a material question, and the trial court sets aside the verdict of the jury, this court will not interfere." Linderman v. Nolan, 16 Okla. 352, 83 P. 796, 797.

The record in this case does not affirmatively show that the trial court abused its discretion.

There are many things that can occur, and do occur, in the trial of a case, not appearing in the record, that are sufficient to convince the court that a fair trial has not been had. The court sees everything that is done and hears everything that is said, and the attitude and demeanor of the opposing counsel, of the jury, and of the witnesses themselves, and the feeling and bias that is exhibited at the trial of a case may all be considered by the court in de-

termining whether or not a fair trial has been held.

It is argued by plaintiff in error that the statutory grounds for a new trial are exclusive. We cannot agree with this contention to the extent the same is argued. The statutory grounds are the only grounds that can be set up by the parties litigant, but are not exclusive of the broad inherent powers of the court to see that, in the opinion of the court, the litigant has received substantial justice, and are not a limitation on such inherent powers. In this connection this court, in the case of Todd v. Orr, 44 Okla. 459, 466, 145 P. 393, 395, uses this language:

"The power of a court of record, during the term at which rendered, to control its orders, judgments, and decrees, made during the term, is of far reaching importance. That such authority should be possessed by trial courts of general jurisdiction must be conceded. Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong, from mere inability to do right. We do not believe it was the intention of the Legislature either to destroy or impair the exercise of such authority, nor does the language of the statute so indicate. As we have seen, from the early days of the common law, the right has been recognized. It is a necessary and inherent power pertaining to the courts in the administration of justice that the very end and object of their institution may not be defeated."

It is the duty of the trial court, if satisfied that a fair trial has not been held, to grant a new trial on its own motion or upon the motion of either party to the case, regardless of whether one of the grounds assigned is that a fair trial was not had.

"Courts of general common law jurisdiction have the inherent power upon their own motion, to set aside a verdict and grant a new trial on account of prejudicial error when done at the same term of court at which the verdict was returned or judgment rendered; and the power will not be deemed to have been taken away by statute unless intent to do so is clear." Shields v. Colonial Trust Co., 61 Okla. 163, 160 P. 719; Todd v. Orr, 44 Okla. 459, 145 P. 393, and St. Louis, I. M. & S. R. Co. v. Lowry, 61 Okla. 126, 160 P. 716.

It is our opinion that the trial court did not abuse its judicial discretion and did not err in sustaining the motion of the defendant in error for a new trial, and the judgment of the court granting defendant in error's motion for new trial is hereby affirmed and this case remanded, with instructions to the trial court to proceed accordingly.

The Supreme Court acknowledges the aid of Attorneys George D. Wilson, Nathan Scarritt, and H. C. Kirkendall in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Scarritt and Mr. Kirkendall, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., and BUSBY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and WELCH, J., dissent. RILEY, J., absent.

### On Rehearing.

GIBSON, J. In the instant case the trial court was requested by defendant to state its reasons for granting plaintiff a new trial. The court's response was that the plaintiff had not received a fair trial.

It is the duty of the trial court upon request of a litigant to state its reasons for sustaining a motion for new trial. See Magnolia Pet. Co. v. McDonald, 168 Okla. 255, 32 P. (2d) 909; A. & A. Taxicab Co. v. McCain, 179 Okla. 492, 66 P. (2d) 17. On appeal from an order granting a new trial this court will confine its review to the reasons so assigned by the trial court.

The reason here assigned by the court for granting a new trial falls within that class of cases where the whole proceeding fails to meet with the conscience of the trial court. When reviewing an order based upon that ground, this court is committed to the doctrine announced in W. T. Rawleigh Co. v. Cate, 170 Okla. 38, 39, 38 P. (2d) 940, 941, as follows:

"It must not be forgotten, that it is an unyielding and obligatory duty of the trial court to carefully weigh the entire judicial proceedings which have occurred throughout the trial, and, unless the verdict of the jury meets the responsive and affirmative approval and conscience of the court, it should not stand, and the same should be set aside, and a new trial granted."

Whether the proceedings and the result thereof meet the "responsive and affirmative approval and conscience of the court," as stated in the A. & A. Taxicab Company Case, "is a matter wholly within

the knowledge and discretion of the trial court, and it is not within the province of the Supreme Court to say that such verdict did not satisfy the conscience of that court;" and we may add here that it is not within the province of this court to say that the entire proceedings did or did not meet with the conscience of the trial court.

Defendant insists, however, that since plaintiff was successful in the cause and obtained a verdict, the court's reason as given could amount to no more than its disapproval of the amount awarded plaintiff. Smallness of the verdict, defendant says, is no ground for granting a new trial in a personal injury action. That is true. The statute denies the right to new trial on that ground, and the decisions so hold. Section 399, O. S. 1931; M., K. & T. Ry. Co. v. Lindsey, 82 Okla. 165, 198 P. 1000; Woodard v. Sanderson, 83 Okla. 173, 201 P. 361; Murray v. Decker, 132 Okla. 188, 270 P. 38; Durbin v. Martin Fleming Co., 142 Okla. 53, 285 P. 82; Clements v. Canon, 170 Okla. 340, 40 P. (2d) 640.

The cited cases deal with the granting or denying of new trial on the specific ground of the smallness of the verdict. Here the ground assigned by the court was not the smallness of the verdict, but was, specifically, that plaintiff had not been accorded a fair trial. This, in effect, was to say that after weighing the entire judicial proceedings, the result thereof did not meet with the approval and conscience of the court, all of which constitutes a ground, on the court's own motion, to grant a new trial, and which by reason of its very nature, is so peculiar to the mind of the trial court that this court will not dispute it.

Defendant says, further, that the record is silent as to any legal ground for granting a new trial, and that in such case this court will presume that no ground existed. Poynter v. Beacon Falls Rubber Co., 115 Okla. 245, 242 P. 563. That case is not in point, for here the trial court, upon its own motion, assigned a specific ground upon which its order was based. In such case, as stated in the original opinion herein, where the ground as here stated exists, it is not only the privilege, but is the duty, of the trial court to grant a new trial.

The petition for rehearing is denied.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur. RILEY, J., absent.